We think the order was right. The moneys belonged to the plaintiff from the moment of their deposit, by force of their payment into court under this order. The provisions of the Code permit this procedure by a defendant, in all actions brought for the recovery either of a sum certain, or of damages for a casual, or involuntary, personal injury. They provide for the tender of such a sum of money, as the defendant conceives to be sufficient to make amends for the injury, together with the costs to date. The appellant's *Page 564 
counsel contends, however, for a distinction between a tender of amends, as he insists this was, and an ordinary tender at common law, or under the Revised Statutes. He says that the former implies no concession of liability, but is an offer to buy peace, and hence, if not accepted by the plaintiff, does not belong to him, if the verdict goes adversely to his claim. The distinction, however, is not recognized and it does not exist under our system of procedure.
The Code provides for two courses which may be pursued by the defendant, after suit brought. He may make a tender of a certain sum and, if it is refused, he may deposit it in court; or he may offer to allow judgment to be taken against him for a certain sum with costs. If the former course is pursued, its meaning and result are plain. A tender is not effectual under the Code "unless the money is accepted, or is paid into court." If it is not accepted, in lien of the acceptance and in order to make his tender available in law, the defendant may deposit the amount in court. The payment into the court is then deemed equivalent to an acceptance by the plaintiff of the amount tendered. The money deposited is deemed in law a payment to the plaintiff on account of the contract obligation, or of a conceded liability for the injury. The provisions of the Code in question, however, are similar to those which existed previously in the Revised Statutes; except that the additional requirement has been made, that the moneys should be paid into the court and notice thereof given concerning them. It was held in Slack v. Brown (13 Wend. 390), and in Dakin v. Dunning (7 Hill, 30), that when the money was brought into court it belonged to the plaintiff in any event. In the more recent cases of Becker v. Boon
(61 N.Y. 317) and Wilson v. Doran (110 id. 101), Judge EARL delivering the opinion in the former and Judge ANDREWS in the latter case, it was assumed by them that moneys paid into court by a defendant, under a tender, became the property of the plaintiff in all events and that his title to them cannot be disputed. The Revised Statutes and the Code have extended the common-law right of tender, so *Page 565 
as to permit a tender of moneys, or their payment into court where the tender is refused, during the pendency of an action. But the effect under the statutes, as now under the Code, has always been considered to be that the plaintiff recovers in any event the amount of the tender. Judge BRADLEY, at General Term, in the case of Wilson v. Doran (39 Hun, 90), collected the authorities in the English reports and in this state, and has there reviewed them.
The plaintiff runs the risk, in proceeding after a tender or deposit, of paying defendant's costs, if the recovery falls short of the amount tendered; while the defendant, in such a case, runs the risk of losing that amount of moneys in the event of his success upon the ensuing trial.
When the moneys are brought into court they become the plaintiff's and it is immaterial, as to the question of their ownership, what the result of the trial may be. This result is a just one. The defendant had two courses available to it, under the Code which regulates the procedure in civil actions. It elected to take that one which involved the tender, or payment of money to the plaintiff and paid the money into court upon the refusal of its tender, under admission of liability pro tanto,
and to make sure that the plaintiff could not say that she had not been paid so much, in any event.
The order appealed from should be affirmed with costs.
All concur.
Order affirmed.