Charles H. Mann, Appellant, v. Seneca Sprout, Respondent.

1. Tender — Payment into Court of Sum Tendered Irrevocably Transfers Title Thereto. A tender by the defendant in an action upon contract of a sum less than the amount due and payment thereof into court pursuant to its order, is a conclusive admission of the indebtedness to the extent of the tender, regardless of the final result of the action, and vests the title thereto in the plaintiff, although he does not accept it and makes no effort to secure the money; and not only does the defendant lose all right to it but the court itself has no power to make an order in the same action which in effect re-transfers the title.

2. Power to Permit Amendment of Pleadings Does Not Include as Incidental Thereto the Power to Authorize a Re-transfer of Title — Code Civ. Pro. § 723. The fact that the court has the power to change the issue by allowing an amendment to the answer, does not confer power upon it to authorize a withdrawal of the sum paid into court as an incident to its right to permit such amendment and necessary to make it effective; no statute expressly permits it nor is it impliedly authorized by the Code of Civil Procedure (§§ 731–735, 743–748). The power to amend simply changes the issues which control the admission of evidence; it cannot of itself change the title to property or transfer to the defendant that which previously belonged to the plaintiff. No amendment of the answer could permit the recall of money actually accepted, and payment into court has the same effect on the title as actual acceptance.

Mann v. Sprout, 102 App. Div. 60, reversed.

(Argued April 17, 1906; decided May 8, 1906.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

March 1, 1905, which affirmed an order of the Niagara County Court granting defendant permission to amend his answer and to withdraw certain moneys theretofore paid by him into court.

This action was brought to recover a balance of $208.45 alleged to be due from the defendant upon a contract to construct a drain and for extra work in connection therewith. The defendant by his answer admitted performance of the contract by the plaintiff, but denied that the balance unpaid amounted to the sum claimed. He alleged that it was but $51.35 and that he duly tendered that amount to the plaintiff before the commencement of the action.

Soon after the service of his answer the defendant procured an *ex parte* order from the court giving him "leave to bring into court the sum of $51.35 admitted by him to be due plaintiff, by paying the same to the county treasurer of Niagara County;  *  *  *  and that plaintiff have leave at any time to take said money out of court." The defendant promptly paid the sum tendered to the county treasurer and gave the plaintiff written notice. Subsequently the action was tried and the jury disagreed, but owing to disclosures made upon the trial the defendant claimed that the plaintiff had not performed the contract and he moved for leave to serve an answer setting up a counterclaim amounting to $249.55 for damages which he alleged he had sustained in consequence of the failure to perform; and also for leave to withdraw the amount so tendered to the plaintiff and paid to the county treasurer. The motion was granted upon certain terms and the county treasurer was "directed and required to pay the said sum of $51.35 heretofore deposited in this court  *  *  *  together with the accumulation of interest to the defendant" or his attorneys. The plaintiff, who had not accepted the tender or tried to get the money, appealed from that part of the order which permitted a withdrawal of the amount tendered, and from the order of affirmance made by the Appellate Division, two of the justices dissenting, he now comes to this court.

*D. E. Brong* for appellant.   By virtue of the order and payment into court the title to the money passed from the defendant to the plaintiff absolutely and irrevocably.   (*Murray* v. *Bethune*, 1 Wend. 198; *Mela* v. *Geis*, 3 Civ. Pro. Rep. 135; *Becker* v. *Boon*, 61 N. Y. 332; *Beil* v. *Sup. Council*, 47 App. Div. 170; *Wilson* v. *Doran*, 39 Hun, 88; 110 N. Y. 101; *Taylor* v. *B. E. R. R. Co.*, 119 N. Y. 564.)   No subsequent event or disposition of the action can have the effect of divesting the plaintiff of his ownership and title.   (*Wilson* v. *Doran*, 39 Hun, 88; *Taylor* v. *B. E. R. R. Co.*, 119 N. Y. 564.)

*George F. Thompson* for respondent.   In the case at bar the defendant had paid costs for the privilege of creating an entirely new and distinct issue, which put the parties practically in the same position as though a new action had been brought.   There was, therefore, no question but that justice and the best interests of the parties and the ownership of the moneys paid into court required that the court make the order appealed from.   (Code Civ. Pro. §§ 731, 732, 733, 734, 747, 748.)

VANN, J.   When a debt is due, a tender of the entire amount with no condition attached, and the payment thereof into court pursuant to its order, even if not accepted, is an absolute transfer of the money to the creditor.   When the sum tendered is less than the amount due, it is a conclusive admission of the indebtedness to the extent of the tender, regardless of the final result of the action, and not only does the party paying it into court lose all right to it, but the court itself has no power to make an order in the same action, which, in effect, retransfers the title.   Relief from mutual mistake, or mistake on one side and fraud on the other, can be had, if at all, only in an independent action brought for the purpose.   Even if the verdict is for a less amount, or for nothing at all, the title has irrevocably passed and the result of the action has no effect thereon.   The same

rule prevails whether the action is in tort or on contract, for in either case the money paid into court by the defendant pursuant to a tender belongs to the plaintiff in any event. Refusal of the creditor to accept, or the death of either party, or the commencement of another action, does not change the effect, for the title passes by operation of law the same as if the tender had been accepted. The transfer is complete and cannot be changed without consent, or a decree in equity, from the moment the court takes control of the money. Acceptance by the court for the plaintiff has the same effect as acceptance by the plaintiff himself. Deposit in a bank, or with a third party, without the order of the court, does not prevent a withdrawal if there has been no acceptance, but the action of the court in a suit pending before it, whereby at the request of one party it takes money into its possession for the benefit of the other, has the same effect as actual acceptance, and *ipso facto* vests the title in him. The custody of the law is the custody of the plaintiff, and the action of the defendant operates as a final and irrevocable transfer. If the plaintiff goes on with the action and is nonsuited, or the verdict is against him or is for a sum less than the amount tendered and paid into court, still the defendant cannot take the money back, for it is not his, but has passed irrevocably to his adversary. If thereafter the fund is lost or stolen by the county treasurer, the loss falls on the plaintiff, not on the defendant, who has no further interest in the money. (*Taylor* v. *Brooklyn El. R. R. Co.*, 119 N. Y. 561; *Wilson* v. *Doran*, 39 Hun, 88; 110 N. Y. 101; *Becker* v. *Boon*, 61 N. Y. 317; *Beil* v. *Supreme Council Am. L. of H.*, 42 App. Div. 168; *Murray* v. *Bethune*, 1 Wend. 191; *Slack* v. *Brown*, 13 Wend. 390; *Dakin* v. *Dunning*, 7 Hill, 30; *Bank of Columbia* v. *Southerland*, 3 Cow. 336; *Malcolm* v. *Fullarton*, 2 Durn. & E. 645, 648; 2 Parsons on Cont. [9th ed.] 789; 2 Whart. on Cont. § 976; 1 Beach on Cont. § 331.)

In the *Taylor* case, an action in tort, there was a tender of $200 and costs, the money was paid into court pursuant to order and notice given to the plaintiff. When the action was

tried there was a verdict for the defendant, but still the plaintiff was allowed to take the money out of court and keep it. We held that the money thus paid into court, although the plaintiff refused to accept it until after judgment had gone against him, belonged to him and that his title thereto could not be disputed notwithstanding the result of the action. Judge GRAY, speaking for all the judges, said : " A tender is not effectual under the Code unless the money is accepted or is paid into court. If it is not accepted, in lieu of the acceptance, and in order to make his tender available in law, the defendant may deposit the amount in court. The payment into the court is then deemed equivalent to an acceptance by the plaintiff of the amount tendered. The money deposited is deemed in law a payment to the plaintiff on account of the contract obligation, or of a conceded liability for the injury."

*Murray* v. *Bethune* was an action in assumpsit against the executor of a testator, who in his lifetime had paid the money into court " in a previous suit brought against him by the plaintiffs." The court said that " it was a payment *pro tanto.* The plaintiff had a right to take it out of court and the defendant had not." The death of the defendant " subsequent to the payment, the survival of the action against his executor, or even the commencement of a new suit, did not change the effect of the payment."

It is, however, claimed, and this is the theory upon which the courts below proceeded, that when the court changes the issue by an order amending the answer, it has the power to authorize a withdrawal of the sum paid into court as incidental to its right to permit such amendment and necessary to make it effective.

There is no statute which expressly permits this, and unless it is impliedly authorized by the Code, the rule that a tender and payment into court is an absolute transfer of title to the fund, must control, and the party making the tender held to have run the risk thereof, regardless of the subsequent proceedings in the action. The provisions of the Code somewhat amplify those of the Revised Statutes. (2 R. S. 553,

8

554.) They regulate the procedure relating to tender, provide for the care and investment of the fund and expressly discharge the party bringing the money into court pursuant to its order "from all further liability to the extent of the money so paid in." (Code Civ. Pro. §§ 731–735 ; 743–748.) The authority to amend is broad but not broad enough to permit the transfer of title without a trial. (§ 723.) The power to withdraw is not incidental to the power to amend. Power to amend a pleading is simply power to change the issues which control the admission of evidence. It cannot of itself change the title to property, or transfer to the defendant that which previously belonged to the plaintiff. That is not the office of a pleading and cannot be held an incident thereto. Pleadings define the issues, but do not try them. While a party may by amendment be relieved from an inadvertent admission in his answer, he cannot thereby be relieved from the effect of an act which, wholly independent of his answer, irrevocably transferred the title to money. A party by his pleading admits or asserts a right, but when by his act outside of his plea he transfers a right, he cannot by amendment revoke the transfer. The pleading may be changed, but the act stands the same as an actual payment voluntarily made, and thus differs essentially from an offer to compromise. No amendment of the answer could permit the recall of money actually accepted, and payment into court has the same effect on the title as actual acceptance. While the rule may operate harshly in this case, it is the law, which we can announce but cannot change.

The order, so far as appealed from, should be reversed, and that part of the motion which asked leave to withdraw the sum tendered and paid into court denied, with costs in all courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur.

Order reversed, etc.