PEOPLE ex rel. TERWILLIGER v. CHAMBERLAIN, Clerk of Court
(BROWNING, KING & CO., Intervener).

(Supreme Court, Appellate Division, First Department. November 11, 1910.)

MANDAMUS (§ 68*)—GROUNDS—ENFORCEMENT OF SPECIFIC DUTY.

Where summary proceedings were, pending by a landlord against defendant, and the tenant deposited with the clerk of the court a lesser sum than claimed as rent, and tendered it to the landlord, which the court accepted as a tender, when there was no provision of law under which the deposit could be made in such case, it being a proceeding solely for recovery of realty, the clerk was under no obligation to receive it, and in receiving it acted outside of his legal duty, and mandamus will not lie at the suit of defendant to compel payment to him of the deposit by the clerk, where such demand was opposed by the landlord and denied by the clerk.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 68.*]

Appeal from Special Term, New York County.

Mandamus by the People, on relation of Frank W. Terwilliger, against William J. Chamberlain, Clerk of the Municipal Court, in which Browning, King & Co. intervened. From an order granting peremptory writ, intervener appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Charles P. Northrop, for appellant.
Edward R. Vollmer, for respondent Terwilliger.
Loyal Leale, for respondent Chamberlain.

SCOTT, J. I am in favor of a reversal of the order appealed from and the denial of the motion for a mandamus, but am not prepared to concur with the reasons for that disposition of the appeal given by my Brother DOWLING. It is conceded that there is no provision of law authorizing the payment into court at the time that the relator made his payment. Therefore the clerk was under no obligation to receive it, and in receiving it acted outside of any duty imposed upon him by law. Hence he did not receive it, nor does he hold it in his official capacity as clerk, but merely as a stakeholder selected by the relator, who might equally well have selected any private individuals as stakeholder in order to keep his tender good.

"It is well settled that mandamus can be resorted to only for the purpose of enforcing the performance of a specific duty already existing and clearly imposed upon the officer either by express law or as one of the necessary functions or attributes of the office which he holds." Mechem on Public Officers, § 937; Matter of Molineux, 41 Misc. Rep. 154, 83 N. Y. Supp. 943.

The respondent Chamberlain, as I consider, holds the money deposited, not as clerk, but as a nonofficial person, and whoever may be entitled to receive it from him must enforce payment by action and not by mandamus, as the obligation to pay it over is a personal and not an official obligation. If such an action is brought by either of the present claimants, the respondent Chamberlain will doubtless be permitted, if he so applies, to hale in the other claimant and leave the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

troversy to be settled between the two persons who claim the fund. In my view of the case the question whether or not the payment to the clerk constituted an absolute payment to the landlord is not now before us and need not now be determined. I do not question the general rule that, in an action for the recovery of money, a payment into court of a part of the sum claimed operates as an admission, and that the money so deposited belongs to the plaintiff in any event, and amounts to an absolute transfer to him of the money so deposited, so that the defendant cannot in any event have it back. But the proceeding in the course of which relator deposited the money was not a proceeding for the recovery of money, and no order or judgment for the payment of money could have been made in it. It was a proceeding looking solely to the recovery of the possession of real property, and strictly speaking the amount of rent due was not in issue, for, if any amount was due and unpaid, the landlord was entitled to a warrant of dispossession. The authorities cited by Mr. Justice DOWLING, therefore, while they may be persuasive, do not seem to me to be decisive as to the rights of the respective claimants to the money deposited.

If the tenant had chosen to make the deposit with a nonofficial person, no one, I suppose, would contend that that stakeholder could be summarily compelled to pay the money over to the landlord merely because the tenant had admitted that he would pay the landlord that sum, and, as I have already said, the deposit was in legal effect a deposit with a nonofficial person. Whether in a proper action the tender and deposit could be used as an admission is another question.

It is sufficient for the present to reverse the order appealed from on the ground that mandamus will not lie, leaving the other questions to be considered when they arise.

CLARKE and MILLER, JJ., concur.

DOWLING, J. Summary proceedings were pending in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, brought by Browning, King & Co., a domestic corporation, as landlord, and against Frank W. Terwilliger, as tenant, based upon allegations in the petition that on February 1, 1910, there was due to the landlord from the tenant, as rent for the premises therein described, the sum of $4,583.33. While said proceedings were pending, the tenant deposited with the clerk of the court the sum of $850, being the amount of the February rent, which became due and payable on the 1st of February, 1910, and which by his answer in said proceedings he admitted to be due on February 1st for back rent, and which he alleges he had been at all times ready and willing to pay. This sum of money the attorneys for the tenant tendered to the landlord on the trial, and thereafter the deposit was made, which the court recognized and accepted as a tender. Thereafter judgment was rendered, after a jury trial, in favor of the landlord, and a warrant issued by virtue of which the landlord regained possession of the demised premises. The tenant has made demand upon the clerk of the Municipal Court for the repayment of the sum of $850 so deposited

by him, and that demand has been opposed by the landlord, who also claims to be entitled to said sum by reason of said tender and deposit. An order has been made directing that a writ of peremptory mandamus issue compelling William J. Chamberlain as clerk of the Municipal Court to pay to the tenant the sum so deposited by him.

There is no provision of law under which the deposit in question was made. Sections 731 to 734, inclusive, of the Code of Civil Procedure, refer to an action where the complaint demands judgment for a sum of money only, and do not apply to a summary proceeding. The only case where a deposit of money is allowed in a summary proceeding is under section 2254 of the Code of Civil Procedure, providing that, where a final order has established that a lessee or tenant holds over after a default in the payment of rent or of taxes or assessments, he may effect a stay by payment of the rent due or of such taxes and assessments and interest and penalty, if any due thereon, with the costs of the special proceedings. In this case, however, the tenant admitted that he owed the landlord $850, and, when the landlord refused to accept the amount in open court during the trial, the tenant deposited with the clerk, with the approval of the court, the amount conceded by him due. No one objected to the tender or deposit, and the tenant relied upon this deposit as a means of defeating the landlord's claim to possession of the premises if no more than that sum was due the landlord; and, unless he did so deposit it, in the absence of proof of a prior legal tender, the landlord would have at once been entitled to judgment upon defendant's concession that such sum of $850 was due for rent and had not been paid.

It appears plain that the parties to the proceedings, as well as the court and the clerk, deemed this deposit a proper and effectual tender to the landlord of the sum the tenant conceded to be due him. It is too late now for any one to contend that, as it was not deposited pursuant to any express provision of law, the tenant can withdraw the money, after having made it serve its purpose of an attempted answer to the landlord's claim. Had the landlord not been found to be entitled to more than $850 of rent, he would not have obtained a final order in his favor.

Regarding this deposit in the light in which it was regarded by all interested at the time it was made, and with reference to which they sought to have their right determined, the payment of this money into court must be regarded as having operated in the same way in which all other payments into court by way of tender have been determined to operate; and that is as an admission that the money so deposited into court belongs to the plaintiff in any event, and as an absolute transfer of the money to him. Mann v. Sprout, 185 N. Y. 111, 77 N. E. 1018, 5 L. R. A. (N. S.) 561; Flewwellen v. Lent, 91 App. Div. 430, 86 N. Y. Supp. 919.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements to the appellant, and the motion for a peremptory writ of mandamus denied, with $10 costs.

INGRAHAM, P. J., concurs.