## BROWNING, KING & CO. v. CHAMBERLAIN.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. TENDER (§ 26*)—EFFECT OF DEPOSIT—PASSAGE OF TITLE.

Where defendant, in accordance with legal authorization, deposits in court an amount which he admits to be due, the title to that money at once passes to the plaintiff, and the court has no power to retransfer the title to the defendant.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 88–92, 95; Dec. Dig. § 26.*]

2. TENDER (§ 26*)—DEPOSIT WITHOUT AUTHORITY—TITLE TO SAME—ESTOPPEL.

Where, in dispossess proceedings by a landlord, a tenant without authority of law deposits with the clerk of the court the amount of rent which he admits is due, and the landlord recovers upon proof that a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

greater sum was due, the landlord is entitled to the amount of the deposit with the clerk; the tenant being estopped to claim it after having had all of the benefits of an authorized deposit in court, and having put the landlord to proof that a greater amount then the admitted sum was due.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 88–92, 95; Dec. Dig. § 26.*]

Scott and Clarke, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Browning, King & Co. against William J. Chamberlain. From a judgment for plaintiff, and order denying its motion for new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Abraham Feinstein, of New York City, for appellant.
Charles P. Northrop, of New York City, for respondent.

McLAUGHLIN, J.   The plaintiff, as landlord, in February, 1910, instituted, in the Ninth District Municipal Court of the city of New York, dispossess proceedings against one Frank W. Terwilliger, as tenant.   The defendant in this action was the clerk of that court. The proceeding was instituted on the ground of the nonpayment of rent amounting to $4,583.33.   The tenant interposed an answer to the petition, admitting that $850, the rent for the month of February, was due and unpaid, and alleging he theretofore had been and then was ready to pay it.   As to the balance claimed, the answer set up a defense and counterclaim.   Upon the issue thus raised the parties went to trial, where the tenant tendered $850 to the landlord, who refused to accept the same, on the ground that he was entitled to $4,583.33.   The landlord having refused to accept the $850, it was thereupon delivered to the clerk of the court, the present defendant.   The issues raised by the petition and answer were determined in favor of the landlord, and an order was made awarding to it possession of the premises.   The tenant then demanded from the defendant the $850 delivered to him during the progress of the trial, and the landlord also made a similar demand.   The defendant refused to deliver it to either, and this action was brought by the landlord to recover the same, and it had judgment for that sum, from which defendant appeals.

Prior to the commencement of this action the tenant instituted a mandamus proceeding against defendant, as clerk of the Municipal Court, to compel him to turn over the money, and the landlord was permitted to intervene therein.   An order was made directing that the writ issue, but on appeal it was held by a divided court that mandamus was not the proper remedy to compel payment to either party, and the order was reversed, and the motion for the writ denied. People ex rel. Terwilliger v. Chamberlain, 140 App. Div. 503, 125 N. Y. Supp. 562.   The court was unanimous in holding that there is no provision of law which authorizes the payment of the money into court, for which reason three of the justices sitting in the case

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reached the conclusion that the defendant received it, not in an official capacity, but as stakeholder, against whom mandamus would not lie. Two of the justices, however, were of the opinion that, notwithstanding the absence of statutory authority, the payment should be given the same effect as though such authority existed, since all of the parties interested at the time the payment was made had assumed such was the fact.

[1] The tenant is not a party to this action, and defendant has not, as he doubtless might have done, brought him in by way of interpleader; but, notwithstanding that fact, the real question to be determined is whether his right to the money is superior to that of the landlord. The defendant has no personal interest in the fund, because it belongs either to the landlord or tenant, to one of whom, but not both, he is liable. Had the payment into court of the $850 been authorized by law, the title to the money would have at once passed from the tenant to the landlord. Mann v. Sprout, 185 N. Y. 109, 77 N. E. 1018, 5 L. R. A. (N. S.) 561, 7 Ann. Cas. 95; Becker v. Boon, 61 N. Y. 317; Wilson v. Doran, 110 N. Y. 101, 17 N. E. 688. This follows for the reason, as stated in Mann v. Sprout, supra, that:

"When a debt is due, a tender of the entire amount, with no condition attached, and the payment thereof into court pursuant to its order, even if not accepted, is an absolute transfer of the money to the creditor. When the sum tendered is less than the amount due, it is a conclusive admission of the indebtedness to the extent of the tender, regardless of the final result of the action; and not only does the party paying it into court lose all right to it, but the court itself has no power to make an order in the same action which, in effect, retransfers the title."

[2] In the present case, notwithstanding the fact that there was no provision of law authorizing the payment into court, all of the parties assumed that there was, and the tenant, acting upon that assumption, delivered the sum in question to the clerk. By so doing he obtained the same advantage that he would have had if the clerk, as such, had been authorized to receive it. By making this payment the tenant admitted that $850 was justly due and it was received by the clerk of the court in satisfaction pro tanto of the amount of rent claimed by the landlord. This payment having been made, the landlord was required to prove, in order to obtain a final order dispossessing the tenant, not that $850 was due, but something additional. The landlord having made such proof, it was too late for the tenant to reclaim the money paid to the defendant. By reason of the acts of the landlord and tenant, the latter is estopped from asserting that it belongs to him.

In Sentenis v. Ladew, 140 N. Y. 463, 35 N. E. 650, 37 Am. St. Rep. 569, it was said:

"A party may waive a rule of law, or a statute, or even a constitutional provision, enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved; and, having once done so, he cannot subsequently invoke its protection. * * * It would be an intolerable abuse of the process of the court if the plaintiff could be permitted to select his tribunal, and summon his adversary before it, and, when defeated in the cause, be heard to say that the action was not cognizable by the court, and that the judgment which it had rendered was a nullity."

In Matter of Pet. of N. Y. L. & W. R. R. Co., 98 N. Y. 447, it was said:

"Generally all stipulations made by parties for the government of their conduct or the control of their rights, in the trial of a cause or the conduct of a litigation, are enforced by the courts."

The principles laid down by these authorities are applicable, as it seems to me, to the case before us. The defendant, as already said, has no interest in the fund. He must pay it to either the tenant or the landlord. The tenant, having taken advantage of what he believed the law gave him the right to do, by paying what he conceded into court, and all of the parties having acted upon the assumption that he had the right to make such payment, ought not to be thereafter permitted to change his position.

The judgment and order appealed from, therefore, should be affirmed, with costs.

INGRAHAM, P. J., and DOWLING, J., concur.

SCOTT, J. (dissenting). The judgment appealed from rests either upon a complete misconception of what was decided by this court in People ex rel. Terwilliger v. Chamberlain, 140 App. Div. 503, 125 N. Y. Supp. 562, or upon disregard of that decision. We held in that case that, inasmuch as there was no provision of law authorizing the payment into court at the time that the payment to defendant was made, he was under no obligation to receive the money, and in receiving it acted outside of any duty imposed upon him by law. Hence it was considered that he did not receive it, and does not hold it, in his official capacity as clerk, but merely as a stakeholder selected by Terwilliger, who might have selected any other private individual as stakeholder in order to keep his tender good. Unless, therefore, that decision is to be expressly overruled, we must start our consideration of this appeal with the assumption that the payment of $850 by Terwilliger to the defendant was not a payment into court. It did not therefore, as I understand the rule applied by the Trial Term, operate to transfer the title to the money to the plaintiff. The rule referred to is thus stated by the Court of Appeals:

"When a debt is due, a tender of the entire amount, with no conditions attached, *and the payment thereof into court* pursuant to its order, even if not accepted, is an absolute transfer of the money to the creditor. When the sum tendered is less than the amount due, it is a conclusive admission of the indebtedness to the amount of the tender, regardless of the final result of the action; and not only does the party paying it into court lose all right to it, but the court itself has no power to make an order in the same action which, in effect, retransfers the title. Mann v. Sprout, 185 N. Y. 109–111 [77 N. E. 1018, 5 L. R. A. (N. S.) 561, 7 Ann. Cas. 95]."

No one disputes the accuracy of this rule, but it is clearly applicable only in actions and proceedings having for their purpose the recovery of money. The summary proceedings, in the course of which Terwilliger made the payment, had for their object, not the recovery of money, but the recovery of possession of real property. No money judgment could be entered therein, and the amount of rent due could

not be in issue because the landlord was entitled to a warrant if any rent at all was due, irrespective of the amount. The clear and evident purpose of tendering the $850 to the landlord was to induce a discontinuance of the proceedings, and it was evidently upon condition that he would do so that the tenant made the tender. The landlord at that time refused to accept the money, and insisted upon his right to a warrant in summary proceedings. The condition upon which the tender was made was never fulfilled. There was neither acceptance by the landlord, nor acceptance by the court in behalf of the landlord; and acceptance in one form or the other is essential to pass title to the creditor. The rule regarding payment to a third party, and which I deem to be applicable to this case, is thus stated in Mann v. Sprout, supra, 185 N. Y. 112, 77 N. E. 1019 (5 L. R. A. [N. S.] 561, 7 Ann. Cas. 95):

"Deposit in a bank, or with a third person, without the order of the court, does not prevent a withdrawal if there has been no acceptance; but the action of the court in a suit pending before it, whereby at the request of one party it takes money into its possession for the benefit of the other, has the same effect as an actual acceptance, and ipso facto vests the title in him."

It thus clearly appears that what operates to transfer title to the money to the plaintiff (apart from actual acceptance by him) is its *payment into court.* In People ex rel. Terwilliger v. Chamberlain, supra, all of the justices were agreed that there was no authority of law for a payment into court in the summary proceedings. Consequently the money was not paid into court, but to a third person, who took it unofficially. The title to the money did not, therefore, within the rule of Mann v. Sprout, supra, pass to the landlord, and, if it did not, he cannot recover it from the stakeholder. It may well be that, in an action between the present plaintiff and Terwilliger, the payment to defendant might be treated as an absolute admission by Terwilliger that he then owed his landlord $850 as rent. But this is not the question here. Plaintiff cannot recover from the defendant because Terwilliger owes him money. It can only recover upon the theory that the absolute title to the money passed to it by the deposit with defendant. This is not the effect, as I understand it, of the deposit under the circumstances.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

CLARKE, J., concurs.