### LOTH v. HARRIS.

(Supreme Court, Appellate Term.   May 27, 1912.)

1. LANDLORD AND TENANT (§ 310*)—SUMMARY PROCEEDINGS—FINAL ORDER.

Where the verdict in a landlord's summary proceedings for nonpayment of rent established that some rent was due, the landlord was entitled to a final order in his favor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1319, 1320; Dec. Dig. § 310.*]

2. LANDLORD AND TENANT (§ 152*)—REPAIRS—CONTRACT—CONSIDERATION.

Where a tenant leased premises for ten years and agreed to make certain alterations at his own cost, the landlord's subsequent agreement to bear part of this cost, provided the tenant would remain in possession for five years, was without consideration and unenforceable.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 538–557; Dec. Dig. § 152.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary Proceedings by Bernard Loth, landlord, against Charles B. Harris, tenant. From final order in favor of tenant, the landlord appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Benno Lewinson, of New York City, for appellant.
Charles B. Harris, of New York City, pro se.

LEHMAN, J. The plaintiff landlord has brought summary proceedings for nonpayment of rent aggregating $600. The defendant claimed that he was entitled to credit of $500, $55, and $100, and interposed a counterclaim for these items to be applied to the rent. The case was tried before a jury, but the court withdrew from the consideration of the jury the third item for $100. The jury found in favor of the defendant on all issues submitted to it. Thereupon the trial justice indorsed on the precept the following order:

"Final order is therefore made the 21st day of March, 1912, in favor of said tenant, awarding the said tenant the premises within described by reason of the tenant's payment of rent as counterclaimed. Jury find in favor of tenant on his counterclaim to the extent of $555."

[1] The jury's verdict has established that some rent is due to the landlord, and he was therefore entitled to a final order in his favor. People ex rel. Terwilliger v. Chamberlain, 140 App. Div. 503, 125 N. Y. Supp. 562. The respondent urges that the withdrawal of this item from the consideration of the jury was error, and that the trial justice has merely corrected his error.

[2] Conceding that the trial justice should have submitted this item to the jury, he cannot correct his error by giving judgment in favor of the tenant when the jury, the sole arbiter of the facts, has had no opportunity to pass upon the facts. The final order must therefore be reversed, and a new trial ordered. It is therefore not strictly necessary for us to examine further into the questions raised as to the other items of the defendant's counterclaim; but, to avoid the reiteration of the same errors as were made at this trial, I deem it wise to point out that no consideration is shown for the item of $500.

It appears that the tenant leased the premises for 10 years, and agreed at his own cost to make certain alterations according to plans and specifications to be approved by the landlord. After he started to make alterations, his contractor defaulted, and the new contractor demanded a much higher price. He then asked the landlord to help him out, and the landlord loaned him $1,000 upon his note. Thereafter the second contractor refused to complete the work owing to the condition of the house, and the tenant claims that he told the landlord he could not, and would not, proceed with the alterations unless the landlord agreed to bear part of the expense, and that the landlord agreed that he would contribute $1,500 to be paid by him if the tenant remained in possession for five years, such payment to be made at that time by a cancellation of the note for $1,000 and the application of the remaining $500 to the rent thereafter to become due. Obviously the fact that the tenant remained in possession for five years when this was an obligation of the lease is no consideration for the landlord's alleged promise, and, so far as this record shows, the alterations made by the tenant were the alterations required by the

lease which the tenant was already under obligation to complete. There is therefore no evidence that the tenant has done anything which he was not previously required to do which would constitute any consideration.

Order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.