(82 Misc. Rep. 411.)

### BERNSTEIN v. TRAVERSO et al.

(Supreme Court, Appellate Term, First Department. November 10, 1913.)

1. EXECUTION (§ 414*)—SUPPLEMENTARY PROCEEDINGS—ORDERS.

In a proceeding supplementary to execution, where defendant sought to subject to his execution for costs a deposit of money made by him in the City Court to keep his tender good, the determination of an attorney's lien on the money cannot be made on a summary order, under Code Civ. Proc. § 2447, where the attorney objected to the summary adjudication of his lien without notice, for such orders can be made only when a judgment debtor's rights to the possession of the money is not substantially disputed, and if there is a real controversy it must await determination in an appropriate action.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1193; Dec. Dig. § 414.*]

2. ATTORNEY AND CLIENT (§ 182*)—TENDER (§ 26*)—PAYMENT INTO COURT—EFFECT.

Where money is paid into court by a defendant to keep a tender good, it becomes the property of the plaintiff, regardless of the final outcome of the action, and the plaintiff can withdraw it at any time; hence his attorneys immediately acquire a lien on such funds under an agreement that they shall receive one-half of the recovery.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182;* Tender, Cent. Dig. §§ 88–92, 95; Dec. Dig. § 26.*]

Appeal from City Court of New York, Special Term.

Action by Benjamin Bernstein against Pietro Traverso, in which Morris & Samuel Meyers, as plaintiff's attorneys, appeal from an order in supplementary proceedings directing the chamberlain of the city of New York to pay to defendant, on execution for costs, the sum previously tendered by defendant and paid into court. Order reversed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Morris & Samuel Meyers, of New York City (Samuel Meyers, of New York City, and Albert D. Schanzer, of Brooklyn, of counsel), for appellants.

Palmieri & Wechsler, of New York City, for respondent.

PAGE, J. The appellants, as attorneys for Benjamin Bernstein, brought an action against the respondent for breach of an agreement to give a lease. The respondent, as defendant in the said action, tendered to the plaintiff a return of $50 which he had paid as earnest money, and denied the agreement. On the plaintiff's refusal to accept the $50, it was paid into court for the purpose of keeping the tender good, and was deposited with the city chamberlain. Upon the trial of the action the complaint was dismissed, with costs, and a judgment was entered in favor of the respondent against the plaintiff for $70.88 costs.

The defendant issued execution upon the judgment and obtained an order for the examination of the plaintiff in supplementary proceedings in aid of execution. Upon the examination had pursuant to this order the plaintiff, Bernstein, testified that he had $50 on deposit with the city chamberlain, which was the money paid into court by the defendant, and that he had made an agreement with his attorneys, Morris & Samuel Meyers, to pay to them, for their services in prosecuting the action, "a sum equal to 50 per cent. of the amount recovered, or the amount obtained by way of compromise, settlement, or otherwise." Upon this testimony the learned justice at Special Term granted an order directing the city chamberlain to pay the money in his hands to the sheriff, to be applied upon execution upon the defendant's judgment. It is recited in this order that it was granted "after hearing Samuel Meyers, Esq., in support of the claim of said attorneys to an alleged lien for services rendered, * * * based upon a written agreement, and having duly determined that the said attorneys were and are not entitled to any such claim or lien."

[1] It is not disputed, however, that no notice of motion to determine the lien of the appellants upon the fund in question was given, and Samuel Meyers, Esq., was only present in court upon the day of the examination and order in question because the defendant's attorney notified him by telephone on the morning of the hearing to come to the court, without telling him what the nature of the hearing was to be. Furthermore, it is not disputed that the appellant objected' to a summary adjudication of his lien without notice. The order appealed from was not, therefore, an order granted upon notice in a contested motion to determine an attorney's lien, but merely a summary order in supplementary proceedings pursuant to section 2447 of the Code of Civil Procedure. It is well settled that:

"Such an order can be made, however, only when the judgment debtor's right to the possession of the money or property is not substantially disputed. If there is a real controversy in this respect, it cannot be settled in supplementary proceedings, but must await determination in an appropriate action." Kenney v. South Shore Natural Gas & F. Co., 201 N. Y. 89, at page 92, 94 N. E. 606, at page 607.

[2] The right of the debtor to the money in the hands of the city chamberlain was disputed by his attorneys, who claimed a lien thereon for the amount of their services. As soon as the money was paid into court by the defendant, it became the property of the plaintiff irrevocably, regardless of what the final outcome of the action might be.

The plaintiff could have drawn it out at any time, and, had it been lost or stolen, the loss would have fallen upon him, and not upon the defendant. Taylor v. B. E. R. R. Co., 119 N. Y. 561, 23 N. E. 1106; Mann v. Sprout, 185 N. Y. 109, 77 N. E. 1018, 5 L. R. A. (N. S.) 561, 7 Ann. Cas. 95. In the latter case it is said at page 111 of 185 N. Y., at page 1018 of 77 N. E. (5 L. R. A. [N. S.] 561, 7 Ann. Cas. 95):

"Not only does the party paying it into court lose all right to it, but the court itself has no power to make an order in the same action which, in effect, retransfers the title."

The lien of the appellants as attorneys for the plaintiff attached to the money as soon as it was paid into court, and this lien was not disturbed by the subsequent judgment for costs.

The order appealed from was accordingly improperly granted, and must be reversed, with $10 costs and disbursements. All concur.