WALTER R. BURROWS, Respondent, *v.* MARITIME WARE-
HOUSE CO., INC., Appellant.

First Department, May 2, 1919.

**Tender — title to moneys tendered by plaintiff prior to commence-
ment of action of replevin and paid into court — Code Civil Pro-
cedure, section 731 et seq., not applicable.**

Where, prior to the commencement of an action in replevin to recover the
possession of merchandise stored with the defendant, the plaintiff tenders
what he considers reasonable charges, and procures an order for the pay-
ment of said sum into court, a common-law tender becomes effectual and
complete, and the money passes to and becomes the absolute property of
defendant, and its application for an order directing the payment to it of
said sum should be granted.

Sections 731 *et seq.* of the Code of Civil Procedure do not apply to such an
application, for the action was not to recover a sum of money only, nor
for a casual or involuntary personal injury, nor for a like injury to
property. Furthermore, said sections apply only where the tender is
made after action brought.

APPEAL by the defendant, Maritime Warehouse Co., Inc.,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the
county of New York on the 17th day of February, 1919,
denying its application for an order directing the city cham-
berlain of the city of New York to pay to it $6,500 deposited
with him to the credit of this action, and directing that upon
such payment the action proceed to trial and that the sum
so paid be deducted from any recovery in defendant's
favor.

*Gilbert & Gilbert* [*A. S. Gilbert* of counsel], for the appellant.

*Roswell S. Nichols,* for the respondent.

DOWLING, J.:

This action is one in replevin, brought by the alleged owner
of certain merchandise stored with defendant as a warehouse
keeper by Furness, Withy & Co., Limited, for the account of
whom it may concern. The value of the property is alleged

to be $20,000. Before the commencement of the action plaintiff, claiming to be the owner of the property and entitled to its legal possession, tendered the sum of $6,500 to the defendant as its proper charges for storage and demanded possession of the goods. The defendant refused to deliver the goods, unless its charges as warehouseman were paid, which it claimed amounted to over $16,000. Thereafter, by order of the court, the plaintiff was permitted and directed to pay to the clerk of this court the sum of $6,500, the amount of the tender heretofore made. The directions of the order have been complied with, and the sum of $6,500 has been paid into court, and is now in the custody of the chamberlain of the city of New York to the credit of this action.

The complaint alleges that the sum of $16,000 demanded by the defendant is wholly excessive and not a proper charge. Judgment is asked for the possession of the chattels and that plaintiff be adjudged to be the owner and entitled to possession thereof. The answer of the defendant sets up that the goods were stored with it by Furness, Withy & Co., Limited, for account of whom it may concern, and so remained until December 2, 1918, when they were delivered to the plaintiff under the writ of replevin in this action, and that the charges of the defendant herein amounted to the sum of $16,218.37. Defendant asked judgment that it be declared to have a special property in the merchandise described to the extent of such charge, with interest. This motion has been made for an order directing the city chamberlain to pay the said sum of $6,500 to the defendant, and that thereupon this action proceed to a trial, and that the sum so paid be deducted from any recovery, and judgment given for the residue pursuant to section 734 of the Code of Civil Procedure. From the denial of this motion the present appeal is taken.

Concededly section 731 of the Code of Civil Procedure and the immediately following sections do not apply to this application, for this is not an action to recover a sum of money only, nor for a casual or involuntary personal injury, nor for a like injury to property. Furthermore, these sections apply only where the tender is made after action brought. But the application herein is based upon the proposition that this was a common-law tender, having been made before action brought,

and the amount of the tender having been deposited in court under order.   When payment is so made, the money becomes that of the adverse party, and the party paying the same cannot in any event of the action take it out.   (*Wilson* v. *Doran*, 39 Hun, 88.)

The question involved in this case is not the title to the goods.   The defendant has never claimed that it owned the merchandise in question but simply that it has a lien thereon to the extent of its warehousing charges.   It came lawfully into the possession of this property.   Plaintiff does not dispute that nor does he dispute that the defendant is entitled to its reasonable charges as a warehouseman.   He, however, contests the right of the defendant to the full amount which it demands; but he himself fixes the amount which is justly due to the defendant, in any event, as the sum of $6,500. He has, therefore, first tendered this sum to the defendant, and then obtained an order of the court for its payment into court, and, having so done, the effect was to create an absolute transfer of the money to the defendant.   The purpose of such a tender, followed by payment, is to stop interest and prevent costs, and having sought to accomplish this purpose by the deposit of the money, the common-law tender became effectual and complete.   The money passed to, and became the property of, the defendant, and it is absolutely entitled to receive the same.   (*Mann* v. *Sprout*, 185 N. Y. 109; *Cass* v. *Higenbotam*, 100 id. 248; *Rush* v. *Wagner*, 184 App. Div. 502.)

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.