LOUIS HIRSCH, Respondent, v. ADOLPH SPITZER, Appellant.— Judgment modified by reversing the findings of fact numbered third, fourth and fifth, and the first and second conclusions of law. This court makes the following findings of fact and conclusions of law: *Findings of Fact.— First.* That at all the times hereinafter mentioned the plaintiff and the defendant herein were and are residents of the county of Kings in the State of New York. *Second.* That heretofore and on or about the 25th day of April, 1919, the defendant above named duly made, executed and delivered to the plaintiff herein his bond, under seal, wherein and whereby the defendant undertook and agreed to pay to the plaintiff the sum of $29,000 in installments as follows: $2,000 on the 1st day of November, 1919, and a like installment of $2,000 on the 1st day of May, 1920; $2,500 on the 1st day of November, 1920, and a like installment of $2,500 semi-annually thereafter, to wit, on the first days of May and November of each year, together with interest thereon from May 1, 1919, at the rate of six per cent per annum, payable semi-annually, on unpaid balances only. *Third.* That the defendant duly tendered the installment of principal due November 1, 1920, and the interest due November 1, 1920, and that such tender was refused by the plaintiff. *Fourth.* That the

defendant duly tendered the installment of principal and the interest due May 1, 1921, and that such tender was refused by the plaintiff. *Fifth.* That the defendant duly tendered the installment of principal and the interest due November 1, 1921, and that such tender was refused by the plaintiff. *Sixth.* That the defendant duly tendered the installment of principal and the interest due May 1, 1922, and that such tender was refused by the plaintiff. *Seventh.* That the defendant duly tendered the installment of principal and the interest due November 1, 1922, and that such tender was refused by the plaintiff. *Eighth.* That on December 20, 1922, an amount equal to the aggregate sum of such tenders of installments and interest was tendered to the plaintiff by the defendant, and that such tender was refused by the plaintiff. *Ninth.* That another tender of the aggregate sum so due on the mortgage held by the plaintiff on the premises No. 220–230 Varet street, Brooklyn, was made by defendant on December 26, 1922, and that such tender was refused by the plaintiff. *Tenth.* That on February 23, 1923, upon the commencement of this action by the plaintiff, the defendant deposited with the clerk of the county of Kings the sum of $15,500, being the aggregate sum of said installments of principal and interest due on said mortgage, which installments of principal and the interest, separately, had been duly and seasonably tendered, and the tender thereof kept good. *Eleventh.* That in his answer the defendant alleged that after the commencement of this action he deposited in court, to the credit of the plaintiff, the aggregate sum of such tenders. *Conclusions of Law.— First.* The plaintiff is entitled to judgment in the sum of $15,500, the amount deposited in court by defendant. *Second.* The defendant is entitled to recover the costs of this action. As thus modified, the judgment is unanimously affirmed, with costs to the appellant in this court and at Special Term. As the defendant tendered to plaintiff the several installments of principal and interest on the due dates, and plaintiff refused to accept the same, and defendant kept the tender good after action commenced by depositing in court the aggregate amount of the said several installments, the plaintiff, in default of proving a larger sum due, must be charged with the costs of the action. (*Wilson* v. *Doran,* 110 N. Y. 101, 106; *Wright* v. *Robinson & Co.,* 84 Hun, 172; *Burrows* v. *Maritime Warehouse Co., Inc.,* 188 App. Div. 221.) The defendant was under no duty, before action commenced, to deposit in court the several installments as they became due. Present — Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ. Settle order on notice.