STADLER & STADLER, Plaintiff, *v.* ALFRED T. LONG, Defendant.

City Court of New York, New York County, April 9, 1930.

*Frederick W. Sperling*, for the plaintiff.

*Samuel Goldberg*, for the defendant.

KELLER, J. This is an application under section 173 of the Civil Practice Act for judgment dismissing plaintiff's complaint. Defendant having made a tender before trial of $916.50 for clothes purchased from plaintiff, a merchant tailor, plaintiff rejected it, claiming the amount due was $1,222. Defendant deposited the sum of $916.50, the amount tendered before suit, with the city chamberlain after suit was started, and notified the plaintiff of the deposit. Thereafter plaintiff obtained an order allowing him to withdraw the sum deposited as a common-law tender without prejudice to his continuing the suit. Defendant claims that the withdrawal of the money deposited with the city chamberlain is an acceptance of defendant's tender and a satisfaction of the action. Sections 731–734 of Code of Civil Procedure never affected tenders before trial which were governed by common-law rules under which title passed to the sum deposited. (*Taylor* v. *Brooklyn Elevated R. Co.*, 119 N. Y. 561; *Burrows* v. *Maritime Warehouse Co.*, 188 App. Div. 221.) Sections 171–173 of the Civil Practice Act changed the rule

as to the effect of statutory tenders after trial, but left the rule as to tenders before trial untouched. Plaintiff's order under which the deposit was withdrawn clearly shows that it did not treat the tender as a statutory one. Consequently there could be no waiver of defendant's failure to comply with the requirements of section 172 of the Civil Practice Act, as claimed by defendant. While a waiver may be construed from language or conduct, there will be no waiver construed from such language or conduct unless they are so inconsistent with plaintiff's purpose to stand upon his rights as to leave no opportunity for reasonable inference to the contrary. (*Alsens American Portland Cement Works* v. *Degnon Contracting Co.,* 222 N. Y. 34.) Unless the statutory provisions requiring the deposit of interest and costs to date with the tender were met, the plaintiff had a right to regard it as a common-law tender before trial and withdraw the money.

Motion denied. Submit order.