THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH GEORGE, Defendant.

County Court, Oneida County, April 23, 1935.

*John J. McGinty, District Attorney* [*Earle C. Bastow, Assistant District Attorney,* of counsel], for the plaintiff.

*Leo O. Coupe,* for the defendant.

HANAGAN, J. On April 18, 1932, Thomas Brown Rudd, then district attorney of Oneida county, moved before Hon. EDMUND H. LEWIS at a Special Term of the Supreme Court held at the court house at Syracuse, N. Y., for a peremptory order of mandamus directing that there be expunged from the records of the Oneida County Court all proceedings taken in the above matter before the Hon. PARKER F. SCRIPTURE, then special county judge of Oneida county, on December 28, 1931, for the reason that the said special

county judge was without jurisdiction. There was a lengthy litigation of this proceeding which terminated in the Court of Appeals.* That court held that the acts of the said special county judge were beyond his jurisdiction and hence invalid, and on February 27, 1935, an order was made by the Court of Appeals granting the before-mentioned application for an order of mandamus. On March 13, 1935, an order was made and entered making the said order of the Court of Appeals the order of the Supreme Court of Oneida county.

On April 9, 1935, John J. McGinty, district attorney of Oneida county, made an application to this court for an order directing the clerk of this court to expunge from the records of the Oneida County Court all proceedings in the above-entitled action before the then special county judge of this county on the 28th day of December, 1931. This order was granted.

During the argument of this application the attorney for the defendant questioned the right of this court to proceed to trial upon the indictment found against the above defendant on the ground that the former district attorney, Thomas Brown Rudd, waived such right and that such waiver prevents the present district attorney from moving to trial the indictment against the above defendant. By stipulation of the district attorney and the attorney for the defendant this question is submitted to this court. It is contended that the district attorney waived the right of the People of the State of New York to proceed with the trial of the criminal action against the above defendant by the following statement contained in the brief submitted to Hon. EDMUND H. LEWIS, justice of the Supreme Court, at the time the above-mentioned mandamus proceeding was before that court: " It may be that the moving party, in his prayer for relief, should have confined himself to a request that the record of the proceedings before the special county judge be expunged from the county court records. The balance of the prayer for relief in regard to remission of fines, bringing defendants into court, etc., might have been omitted.

" We take the position that the only remedy sought at this time is the expunging of the county court records, and waive any rights in regard to the remission of fines and re-arrest of the defendants. The prayer as to remission of fines, etc., was included on the broad principle of equity that relief should only be asked upon the parties being returned to their *status quo* as of December 23rd, 1931."

A waiver has been defined as an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34.)

---

* *Matter of Rudd* v. *Hazard* (266 N. Y. 302).

While a waiver may be construed from language or conduct, there will be no waiver construed from such language or conduct unless they are so inconsistent with plaintiff's purpose to stand upon his rights as to have no opportunity for reasonable inference to the contrary. (*Stadler & Stadler* v. *Long,* 137 Misc. 512.)

The plain, obvious meaning of the language used in these paragraphs is that the district attorney had included too much in his prayer for relief; that he was changing his position by seeking only one remedy, namely, the expunging of the County Court records; and that he was withdrawing demands for relief in regard to the remission of fines and the rearrest of defendants *at that time* and *in that proceeding.*

There is nothing in the foregoing paragraphs from the brief of the district attorney that could be construed as a waiver of any right of the People of the State of New York to proceed to trial upon the indictment found against the above defendant. The district attorney has the legal right to move the indictment for trial, and the County Court of Oneida county has jurisdiction of said indictment and the person of said Joseph George to retry the said defendant upon the said indictment. There is no necessity for the consideration of the legal effect of a waiver by the district attorney in this matter as this court holds that there was no waiver either as a matter of fact or law contained in the foregoing paragraphs of the brief.

An order is granted directing the county treasurer to tender the fine previously paid by the defendant, and directing that a warrant issue for the arrest of the defendant.