**In the Matter of Gregory A. VINEY, Cindy A. Viney, Debtors.**

**No. 03–40890.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division,
at Lafayette.

April 27, 2007.

Rebecca A. Trent, Robert Little Law Office, Brookston, IN, for Debtors.

## DECISION AND ORDER

ROBERT E. GRANT, Bankruptcy Judge.

The trustee in this chapter 13 case previously asked the court to issue an order requiring Midland Mortgage to accept payments under the debtors' confirmed plan and to determine the amount of the monthly payment due that creditor. The request was denied by the court's order of April 11, 2007, and the trustee has asked the court to reconsider its order. It is that motion which is presently before the court.

■ The order denying the trustee's initial motion noted that the relief sought was in the nature of injunctive, equitable or declaratory relief, thereby requiring an adversary proceeding. *See,* Fed. R. Bankr.P. Rule 7001(7). The trustee disagrees with the court's perceptions, noting that the rule includes an exception to the requirement of an adversary proceeding "when a ... chapter 13 plan provides for the relief." Fed. R. Bankr.P. Rule 7001(7). The trustee argues that the exception applies here, so that he may properly proceed with only a motion and without all the formalities of an adversary proceeding. While the court understands the trustee's desire to use the faster, cheaper, and simpler procedures associated with contested matters and the bankruptcy court's motion practice, the exception to the general rule that an adversary proceeding is required in order to obtain injunctive, equitable or declaratory relief is not broad enough to encompass the relief he seeks as to Midland Mortgage.

■ The court begins its analysis with the proposition that a motion seeking relief which the rules require to be sought through an adversary proceeding should be dismissed. *Matter of Perkins,* 902 F.2d 1254, 1258 (7th Cir.1990). Furthermore, while a confirmed plan may well be binding upon both debtors and creditors, 11 U.S.C. § 1327(a), the binding effect of such a plan goes only so far. If the procedural rules require an adversary proceeding in order to decide a particular issue, confirmation of a plan which purports to decide the matter one way or another will not foreclose further litigation. *Matter of Beard,* 112 B.R. 951, 955–56 (Bankr. N.D.Ind.1990). So, confirming a plan which declares that something is or is not so is not enough to satisfy either the legal or the procedural requirements necessary to accomplish that result. *See, In re Hanson,* 397 F.3d 482 (7th Cir.2005); *In re Banks,* 299 F.3d 296 (4th Cir.2002); *In re Ruehle,* 307 B.R. 28 (6th Cir.BAP2004) (all holding that the provisions of a confirmed plan will not discharge otherwise non-dischargeable debts). *See also, In re Commercial Western Finance Corp.,* 761 F.2d 1329, 1336–37 (9th Cir.1985) (confirmation of chapter 11 plan not sufficient to avoid transfers using strongarm powers of § 544, an adversary proceeding was required). In light of these considerations, the confirmed plan exception to the requirement that injunctive or declaratory

relief must be sought through an adversary proceeding should, like most exceptions to general rules, be given a narrower, rather than a broad, construction. *See, In re Smith,* 123 B.R. 423, 428 (Bankr. M.D.Fla.1990). *See also, In re Beta International, Inc.,* 210 B.R. 279, 282 (Bankr. E.D.Mich.1996) (adversary proceeding not required where no factual dispute and court needed only to interpret conflicting provisions of confirmed plan). With this interpretative framework in place, the court can turn its attention to the question of whether the plan that has been confirmed in this case properly "provides for" the injunctive and declaratory relief the trustee seeks, so that he may avoid the requirement of an adversary proceeding.

Chapter 13 plans do not generally impose obligations upon creditors, at least not directly. Instead, the purpose of a plan is to specify or describe how the debtor will satisfy its obligations to creditors. *See,* 11 U.S.C. § 1322. The confirmation and the eventual performance of such a plan may well have consequences to creditors, but those consequences come not so much from the terms of the plan itself but from the legal effect of successfully performing a confirmed plan. *See,* 11 U.S.C. § 1328. The most common of these consequences is the continued protection of the automatic stay and then the discharge injunction, which combine to prevent creditors from collecting their debts while the debtor performs the plan and then after it has successfully done so. *See,* 11 U.S.C. §§ 362(a), 524(a). Even here, however, to the extent these consequences can be characterized as obligations that are imposed upon creditors, they are obligations not to do something, rather than a duty to take some kind of affirmative action.

Insofar as they relate to Midland Mortgage, the terms of the debtor's confirmed plan provide simply:

The regular mortgage payments (currently $747.00 per month) shall be made INSIDE the Plan beginning with the monthly installment due August 1, 2003, Chapter 13 Plan, filed July 22, 2003, ¶ 2, class 2, (emphasis original) and;

[the] arrearage amount shall be paid through the Plan at the contract interest rate. Immaterial Modification of Plan, filed August 29, 2005, ¶ 3.

In other words, from the payments the debtors make to the trustee, prior defaults will be cured and the trustee will pay Midland the mortgage payment otherwise due it. *See,* 11 U.S.C. § 1322(a)(5) (concerning a plan's ability to cure defaults and maintain payments). There is nothing about this language that the court can construe as imposing an affirmative obligation upon Midland Mortgage, much less one that could be enforced through an injunction, or which could support some kind of declaratory judgment without the need for an adversary proceeding.

■ While the plan specifies the amount of the mortgage payment, that was the mortgage payment due at the time the plan was proposed which, what with variable rate mortgages and fluctuating escrow requirements to account for changes in insurance premiums and property taxes, may not be the amount required now. Furthermore, plan provisions such as this, which purport to specify the amount of a particular payment or distribution to creditors, are best characterized as estimates, not something graven in stone, *Matter of Witkowski,* 16 F.3d 739, 740 (7th Cir.1994), and should construed in light of the clear purpose of this portion of the plan which was to provide for "the regular mortgage payment" (presumably) in accordance with § 1325(a)(5). Similarly, there is nothing about the terms of the confirmed plan that require the creditor to accept the pay-

ments made on account of its claim, and why would there be? The confirmation and the performance of a plan have definite legal consequences and a creditor cannot escape those consequences simply by trying to ignore the bankruptcy. The effect of the bankruptcy will be the same whether it chooses to participate or not. A creditor will either accept the money that comes to it from the trustee or that money will be treated as unclaimed funds and deposited with the court for the creditor's use and benefit. *See,* 11 U.S.C. § 347(a). Either way the money is available to the creditor and it should be treated as though it received its distribution. *See, Mann v. Sprout,* 185 N.Y. 109, 77 N.E. 1018 (1906); 74 Am.Jur.2d, Tender § 43. Under these circumstances, what rational creditor would refuse to accept a distribution from the trustee?

The trustee's original motion did not seek relief provided for in the debtor's confirmed plan. Instead, the trustee wanted the court to issue a declaratory judgment resolving a dispute concerning the monthly mortgage payment properly due Midland and some kind of injunction requiring Midland either to accept the payments sent to it or to log those payments on its books in a particular manner. While the bankruptcy court undoubtedly has the jurisdiction necessary to issue orders of that sort, doing so requires an adversary proceeding and goes far beyond the confirmed plan exception to that requirement. The motion to reconsider the court's order of April 11, 2007, is therefore DENIED.

SO ORDERED.