MINTY GREER ET AL. v. R. B. C. HOWELL.

(Case No. 1795.)

1. TAX TITLE — VALIDITY.— To be of any force, a tax title must be proved to be the consummation of a valid sale. State taxes are levied by general law and are not required to be proved; county taxes are levied by the commissioners' court, and the levy must be proved, or the sale will not appear to have been made for a legal demand. Citing Blackwell, p. 155.

APPEAL from Hood. Tried below before the Hon. T. L. Nugent. This was an action to try title and to remove cloud upon plaintiffs' title, brought by Mrs. Minty Greer and her husband, S. D.

Greer, and Mrs. Susan Womack and her husband, A. C. Womack, against the defendant R. B. G. Howell, to recover a tract of land in Hood county of one thousand two hundred and seventy-eight acres, patented to the heirs of John Hibbins. The plaintiffs, Mrs. Minty Greer and Susan Womack, were the daughters of Philip Howard and grand-daughters of John Hibbins, deceased. They relied on title from the state by patent to the heirs of John Hibbins, and upon a decree of partition between the heirs of John Hibbins, deceased, for a part of their chain of title, and by deed from their father, Philip Howard, for the balance, thus placing the title to the entire tract in them, with proof of the death of John Hibbins, and proof of heirship of themselves and others under whom they claimed.

The defendant relied upon two tax deeds as his title, by virtue of a sale for taxes on the 8th of May, 1879. The two deeds were under two sales on the same day for the taxes on the same land, one for the taxes due for the year 1877, and the other for the taxes of 1878.

The cause was tried at September term, 1882, and judgment rendered for the defendant for the land, and for the costs of suit.

*F. W. Chandler*, for appellants.

*Cooper & Estes*, for appellee.

ROBERTSON, ASSOCIATE JUSTICE.— It has been determined at this term in Meredith *v.* Coker that a tax deed to be of any force must be proved to be the consummation of a valid sale. This doctrine was ruled by the court below, and it was held that the appellee made the required proof. The land was sold for state and county taxes. State taxes were levied by general law and not required to be proved. County taxes were required to be levied by the commissioners' court (Acts of 1876, p. 51, sec. 5), and a minute of the proceedings of that court had to be kept (section 11, p. 52), and the levy must be proved, or the sale will not appear to have been made for a legal demand. Blackwell, star p. 155 *et seq.* The statement of facts shows that no proof of the levy of county taxes was made. The conclusion of the court that the deed passed the title was, therefore, error. The court in the findings does not expressly hold that the plaintiffs made out their title, but skips over that question to the issue made on the tax deed. We think it best, therefore, to remand the cause, that the court below may pass on the plaintiff's

title, and the defendant may, if he can, show that his tax deeds are valid. The judgment is accordingly reversed and the cause re-manded.

REVERSED AND REMANDED.

[Opinion delivered January 8, 1886.]

(Justice STAYTON did not sit in this case.)