No. 1972.

## T. M. CLAYTON V. L. REHM ET AL.

1. PAROL EVIDENCE—CERTIFIED COPIES.—Parol evidence is not admissible to prove the endorsement on the assessor's tax roll which is required by Revised Statutes, Article 4721. A copy thereof is required to be deposited in the State comptroller's office, which can not be withdrawn, and the law, which makes its certified copy evidence of equal dignity with the original, must exclude parol evidence of such endorsement, though founded on an affidavit of the loss of the sheet containing the endorsement on the original roll kept in the county.

2. SAME — CASES APPROVED. — On this point the doctrine announced in Wheeler v. Moody, 9 Texas, 372; Harris v. Thorn, 57 Texas, 98; Bass v. Mitchell, 22 Texas, 293, and Williams v. Davis, 56 Texas, 250, approved.

3. CASES DISTINGUISHED.—This case distinguished from Tweed v. Metcalf, 4 Michigan, 596; Sibley v. Smith, 2 Michigan, 487, and Van Ransilier v. McCulloch, 7 Barbour, 133.

4. TAX TITLE.—Again announced, that the deed of a tax collector, attempting to convey property purchased at the sale, is no evidence of title unless sustained by proof of a compliance with all the requisites of the law necessary to call into exercise his authority to make the sale.

APPEAL from Denton. Tried below before the Hon. F. M. Davidson, Special Judge.

*E. O. Smith,* for appellant, cited: Tweed v. Metcalf, 4 Michigan, 596; 2 Michigan, 487; 7 Barbour, 133.

*H. G. Ferguson,* for appellee, cited: Davis v. Farnes, 26 Texas, 297; Pitts v. Booth, 15 Texas, 455; Robson v. Asborn, 13 Texas, 307, Hoadly v. Tankersley, 8 Texas, 12; Revised Statutes, article 4757; Black on Tax Titles, 355–422; Blackwell on Tax Titles, 600; Wade on Notice, section 1120; Washburn on Real Property, volume 3, page 202.

GAINES, ASSOCIATE JUSTICE. This was an action of trespass to try title brought by appellee against appellant. After appellee had closed his case upon the trial in the court below, appellant set up a tax title to the land in controversy, and offered in evidence what purported to be the assessment roll of Denton county (in which the land lies) for the year 1879, which, upon objection, was excluded by the court. Appellant excepted. It appears by

the bill of exceptions that the tax collector at the time of the trial, who had been tax assessor when the rolls were made out, testified that the roll was the assessment roll of the county for the year before mentioned, and was in his custody as collector at the time he was testifying. The objection being made that the roll was not endorsed by the affidavit of the assessor (Rev. Stat., art. 4721), and that the approval of the board of equalization was not shown, he also stated that he could not swear positively that the affidavit and approval had been endorsed on the roll offered, but was satisfied that such was the case, and that the sheet on which they were written had been detached and lost. It was also shown that diligent search had been made in the office of the county clerk for the copies required to be deposited there, and that they could not be found. It was objected further that parol evidence was not the best evidence of the existence and contents of the affidavit and approval.

We are of opinion that the court did not err in excluding the evidence. Article 4723 of the Revised Statutes makes it the duty of the assessor to send one copy of the rolls prepared by him under Articles 4718 and 4719, to the comptroller, to deliver one to the tax collector of the county, and to deposit the others with the county clerk. He testified that he did this as to the rolls in question; and, in the absence of proof, the law would presume that this had been done. It is clear, therefore, that there was a copy on file in the comptroller's office at the time of the trial. It is equally clear that this could not have been withdrawn for the purpose of using it as evidence in this case. But it is provided that certified copies of all "documents properly on file in any of the departments of this State may be received in evidence on an equal footing with the originals in all suits," etc. (Rev. Stat., art. 2259.)

This makes the official copy of the roll in the comptroller's office original evidence; and as long as it could be procured, parol evidence of the existence and contents of the affidavit was inadmissible. It may be admitted, for the sake of the argument, that there are no degrees in secondary evidence. That proposition is not involved in the point before us. The principle that determines the question is that the statute makes the copy under the comptroller's certificate primary evidence, and until every source of such is exhausted secondary evidence can not be introduced. We think this position here assumed well supported by authority. (Wheeler v. Moody, 9 Texas, 372; Hines v. Thorn, 57

Texas, 98; Bass v. Mitchell, 22 Texas, 293; Bigham v. Talbot, 63 Texas, 291; Stafford v. King, 30 Texas, 257; Williams v. Davis, 56 Texas, 250.)

It is contended, however, in behalf of appellant, that it was not necessary that the affidavit of the assessor and the approval of the board of equalization should be shown, and we are cited to the cases of Tweed v. Metcalf, 4 Michigan, 596; Sibley v. Smith, 2 Michigan, 487, and Van Ransalear v. McCulloch, 7 Barbour, 133. The decisions in all these cases are based upon the ground that the respective statutes directing a copy of the roll to be given to the tax collector did not make the affidavit a part of the roll itself, and hence, that the copy of the affidavit need not accompany a copy of the roll. Our statute is essentially different. Article 4721 of the Revised Statutes requires each copy of the roll to be verified by the assessor's affidavit before they are returned to the board of equalization for correction. There is no legal roll without the affidavit and approval.

After the tax roll offered by appellant was rejected, he offered the deed from the tax collector to himself, which was also objected to and excluded by the court. That the deed of the collector without proof of a compliance with all the requirements of the law necessary to call into exercise his authority to make the sale is no evidence of title in the party claiming under it, is no longer an open question in this court. (Wright v. Straub, 64 Texas, 64; House v. Stone, Id., 677; Green v. Howell, Id., 688.)

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered November 26, 1886.

(Mr. Justice Stayton did not sit in this case.)