N. S. EARLE ET AL. V. CITY OF HENRIETTA.

No. 597.—Decided December 6, 1897.

1. **Tax Deed—Cities—Proof of Levy.**
The introduction of a deed by a city tax collector containing a sufficient description of the lot claimed thereunder does not, under Rev. Stats., art. 518, constitute prima facie evidence that the tax for which the property was sold had been levied according to law. Such levy must be shown by the introduction of the ordinance. (Pp. 302-305.)

2. **Same—Tax Rolls in Evidence—Effect.**
The introduction in evidence of the tax rolls for the year in question did not prove that the tax was legally levied. (P. 305.)

3. **Same—Taxes for Subsequent Years.**
The introduction of tax rolls showing the taxes assessed against the property for each year subsequent to the sale was not competent evidence of the levy of such taxes. It could only be shown by proof of the ordinance by which the levy was made. (P. 305.)

4. **Same—Constitution.**
It seems that the failure to pay such subsequent taxes, if their levy was lawfully shown, could not operate to deprive a party of his right of defense, no matter how the defense arose. (P. 305.)

QUESTIONS CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Clay County.

*W. G. Eustis,* for appellants.

*Emmett Patton,* for appellee.

No briefs have reached the Reporter.

BROWN, ASSOCIATE JUSTICE.—The following questions, upon dissent, have been certified to this court by the Honorable Court of Civil Appeals for the Second Supreme Judicial District:

"In this suit of trespass to try title, the appellee recovered from the appellants certain real estate described in the petition as the north one-half of block No. 34, in Earle's Addition to the City of Henrietta, Clay County, Texas. Plaintiff's title rests upon a purported sale of the property by the city tax collector of Henrietta, had on March 7, 1893, for the taxes due the city for the year 1892, and upon a deed executed in accordance with that sale.

"This court concludes without dissent that the deed is not void for want of sufficient description. The majority further conclude that, as the description is sufficient, the provisions of art. 447, Sayles' Civil Statutes, apply to the sale and the deed, and they hold in this connection, first, that the deed constitutes prima facie evidence, among other matters, that the property was subject to assessment and had been assessed according to the requirements of the law, and that the tax had been thus levied. From this conclusion that the deed is prima facie evidence that the tax had been legally levied, Justice Hunter dissents, holding that proof of the levy of the tax must be made aliunde the recitals in the deed, and by the introduction in evidence of an ordinance of the city. providing a levy. So that we certify to your Honors:

"1. Conceding the description in the deed to be sufficient, does the deed constitute prima facie evidence that the tax had been levied according to law?

"The majority further hold that the tax rolls introduced in evidence in this case show what taxes had been assessed or levied by the city for the years 1892, 1893, 1894 and 1895, thus meeting the requirement of the proof of a sufficient levy. From this conclusion Justice Hunter dissents, holding that the assessment rolls in question constitute proof that the property was legally assessed, but not that the taxes were legally levied, and that such levy can only be proved by the ordinance embodying the levy as passed and recorded by the city council. So that we further certify to your honors:

"2. Do the tax rolls, admittedly introduced in evidence in this case, show what taxes had been assessed or levied by the city for the years 1892, 1893, 1894 and 1895, thus meeting the requirement of the proof of a sufficient levy; or can such levy be only proved by the ordinance embodying the levy, as passed and recorded by the city council?

"For a more detailed exposition of the questions thus arising, and of their materiality, we refer to the majority and dissenting opinions filed in this court, respectively, on July 3 and July 5, 1897, in this cause and in cause No. 2543, Homes v. City of Henrietta, which opinions accompany this certificate."

So far as it bears upon the first question propounded, art. 518, Rev. Civ. Stats., reads as follows:

"The assessor and collector shall, when any property has been sold for the payment of taxes, make, execute and deliver a deed for said property to the person purchasing the same, and such deed shall be prima facie evidence in all controversies and suits in relation to the right of

the purchaser, his heirs and assigns, to the premises thereby conveyed, of the following facts:

"First.—That the land or lot or portions thereof conveyed was subject to taxation or assessment at the time the same was advertised for sale, and had been listed or assessed in the time or manner required by law.

"Second—That the taxes or assessment were not paid at any time before the sale.

"Third—That the land, lot, or portion thereof conveyed, had not been redeemed from the sale at the date of the deed and shall be conclusive evidence of the following facts:

"1. That the land, lot or portion thereof sold was advertised for sale in the manner and for the length of time required by law.

"2. That the property was sold for taxes or assessments as stated.

"3 That the grantee in the deed was the purchaser.

"4. That the sale was conducted in the manner prescribed by law.

"And in all controversies and suits involving the title to land claimed and held under and by virtue of such deed, the person claiming title adverse to the title conveyed by such deed shall be required to prove, in order to defeat said title, either that the land was not subject to taxation at the date of the sale, that the taxes or assessment had been paid, that the land had never been listed or assessed for taxation and assessment as required by this title or some ordinance of the city, or that the same had been redeemed according to the provisions of this title, and that such redemption was made for the use and benefit of the person having the right of redemption under the law."

The city of Henrietta was incorporated under the general laws of the State and by article 484 Revised Statutes the city council was empowered to levy taxes. That article reads as follows:

"The city council shall have power within the city, by ordinance, to annually levy and collect taxes, not exceeding one-fourth of one per cent on the assessed value of all real and personal estate and property in the city not exempt from taxation by the Constitution and laws of the State."

By the terms of this article the council of any city may levy any rate of tax not exceeding one-fourth of one per cent, which levy must be made by ordinance. This involves the exercise of discretion on the part of the city council, which is necessary before any tax can be collected from the citizens. It also requires action on the part of the city council, and prescribes that such action shall be evidenced by an ordinance which must be in writing properly passed, and recorded on the minutes of the council. Without this action legally taken by the council no officer has any authority to take any steps to enforce the collection of any sum whatever. The ordinance of the city council bears the same relation to the tax rolls, when properly made up, that the judgment of a court does to the execution issued for its enforcement.

A sheriff's deed will not support a recovery without proof of the judgment upon which it was issued.

Independent of article 518, the deed of the tax collector made in pursuance of a sale for the collection of taxes due to a city would be void if no valid levy was made by the city council, and such deed would not be admissible in evidence in the trial of any case involving the question of title under it until the authority for making the assessment of the property—that is, the ordinance of the city council levying the tax—had been first proved, without which, upon objection made, the court would reject the deed when offered as evidence. Greer v. Howell, 64 Texas, 688; Dawson v. Ward, 71 Texas, 72; Clayton v. Rehm, 67 Texas, 52.

Article 518 prescribes the effect that the deed of the tax collector shall have as evidence after it has been regularly admitted under the rules of law governing the admissibilty of testimony, but does not affect the rules which prescribe the mode of proving the deed, nor any other matter which is necessary for one claiming under such deed to establish before it can be admitted as evidence. It is to be presumed that the Legislature knew the law and enacted the provisions embodied in the article quoted in view of the existing rules upon this subject.

The levy of the tax having been proved by the production of the ordinance of the city council and the deed otherwise being admissible and admitted, the statute gives it the effect of proving a prima facie case for the plaintiff, because with the proof of the levy and the presumptions arising upon the deed under article 518 the party claiming under the deed would be entitled to recover the property conveyed, unless the opposing party should show some reason for avoiding the conveyance. It was the intention of the Legislature to prescribe that in order to defeat the case made by the deed as prima facie evidence, "the person claiming adverse to the title conveyed by such deed" should disprove one of the facts prima facie established by the deed; that is, he must prove that the property was not subject to taxation at the date of the sale, or that the taxes had been paid, or that the land had never been assessed, that is, placed upon the tax rolls in the manner prescribed by law, or that the same had been redeemed according to law. The proof that either of these facts did not exist would meet the plaintiff's prima facie case and would defeat his right of recovery. But it was not intended by the Legislature by the use of this language to deny to the defendant the right to present any other defense which restricts the power of the officer to sell and which would overthrow the plaintiff's right, nor was it intended to relieve the party who claimed under the tax deed from making all proof necessary to make that deed admissible before the jury. If the law had provided expressly that the person claiming adversely to the tax title should not be permitted to make any other defense thereto except as named therein, it would be contrary to the Constitution of the State and void. Lufkin v. City of Galveston, 73 Texas, 340; Eustis v. City of Henrietta, 90 Texas, 468. We will

not here discuss the constitutionality of the law, because under our construction of this portion of that statute the question does not arise.

Article 518 as above quoted provides what facts shall be established prima facie by the deed when admitted as evidence and what facts shall be conclusively established thereby, and in neither class is the levy of the taxes included. There is no express provision that the deed should be proof of the levy of the taxes, but it is excluded by the mention of other things, and no implication of an intention of the Legislature to so provide can arise out of the language used. We conclude therefore that the levy of the tax by the city council was not proved by the introduction of the deed of the tax collector of the City of Henrietta. We therefore answer the first question in the negative.

A State tax is levied by act of the Legislature at a fixed amount, and the act making the levy is a public law of which courts will take judicial notice; it is therefore unnecessary, where the deed is made in pursuance of a sale for State taxes, to make proof of the levy, because it is proved by the law itself. But, as before shown, the city council is authorized to levy taxes within a given limit; in order to give effect to the law the council must act and determine the rate to be collected and must express that determination in the form and manner prescribed by the statutes. In every instance in which it becomes necessary to judicially determine the question of the levy of taxes by the city council the proof must be made by the ordinance by which the levy was made and th' production of tax rolls could not establish the fact of the levy. Gree v. Howell, 64 Texas, 688; Clayton v. Rehm, 67 Texas, 52; Dawson v Ward, 71 Texas, 72. To hold otherwise would be to give greater forc to tax rolls than to executions issued by the officers of courts, the recitals in which are not evidence of the judgment.

As we understand the last question, it does not relate to the levy of the tax for which the land was sold, but of taxes levied by the city after it had purchased the land, and upon this proof is based the requirement that the defendant in this case should pay the taxes levied for those years in order to entitle him to defend against the claim of the city under the tax deed. If we correctly understand this question, such proof, whether made by ordinance or otherwise, could not operate to deprive the defendant of his right of defense, no matter how the defense arose, for the law in so far as it imposed such restrictions upon his right. would be unconstitutional and void. Lufkin v. Galveston, cited above; Eustis v. City of Henrietta, 90 Texas, 468.

We answer the second question, that the tax rolls were not competent evidence to prove the levy of a tax for the years named. The levy could be proved only by proof of the ordinance by which the levy was made.