### CHARLES D. GRACE v. CITY OF BONHAM.

Decided April 24, 1901.

**1.—Foreclosure of Lien for Taxes—Jurisdiction.**

The Constitution gives the district courts exclusive jurisdiction of all suits for the enforcement of liens on land, no matter what the amount of the debt or taxes may be.

**2.—Same—Right of City to Enforce Tax Liens.**

The right of cities incorporated under the general incorporation act to foreclose liens on real estate for city taxes due thereon is now clearly settled. Following City of Henrietta v. Eustis, 87 Texas, 14.

### 3.—Same—Evidence—Tax Rolls.

In proving the assessment of the property it was permissible for the person who was city assessor at the time of trial to testify that the general tax rolls of the city were true copies of the assessment lists for the years for which taxes were claimed in the action, and that the defendant owner had not paid his taxes for those years, although the witness was not the assessor nor a deputy for these years,—he testifying that he assisted in making up the rolls for those years and knew that they were correct copies of the original assessment lists, and that such lists were lost.

### 4.—Same—Description of Land—Tax Rolls and Petition.

Where land was described on the tax rolls by the abstract number, name of original grantee, name of owner, number of acres assessed, and as lying in the city of B., and the petition in a suit to foreclose the lien for taxes described the land by field votes, and alleged that it was the same land described in the tax rolls and the only land owned by defendant off the named survey, the description was in compliance with law, forming a sufficient basis for the foreclosure of the lien, and was not variant from the description set out in the petition.

### 5.—Same—Sufficiency—Misleading.

Where the description given in the assessment is such that by applying it to the land it can be identified, it is a substantial compliance with the statute; and where the owner has himself so rendered the land for taxes, he can not be misled by the description.

### 6.—Same—Ordinance Aiding Description.

It was not error in a suit to foreclose a lien for city taxes, to allow the introduction in evidence of an ordinance permitting the pleader, in such an action, to give a perfect description of land not fully described in the assessment roll, and to identify the property aliunde the roll, since the ordinance conferred no right that was not possessed without it, and its admission was not prejudicial to the defendant.

Error from Fannin. Tried below before Hon. E. S. Chambers.

*Chas. D. Grace,* pro se.

*Wheeler & Cunningham,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by the city of Bonham to recover taxes due by Charles D. Grace on his homestead for the years 1895, 1896, 1897, and 1898, amounting in the aggregate to $152.68, and taxes on personal property for the same years amounting to $29.34, and $4 poll taxes, and to foreclose a lien on the land for the taxes due thereon. Judgment was rendered in favor of the city for the taxes and foreclosure as prayed for. The facts show that plaintiff in error was indebted to the defendant in error in the sum of $182.18, for which judgment was rendered for taxes, and $152.66 of that amount constituted a lien on the land described in the pleadings.

The first assignment of error complained of the alleged action of the trial court in overruling a plea to the jurisdiction on the ground that the petition showed on its face that it was for $186.23. Under the assignment two propositions, neither of which are germane to the assignments of error, are submitted. The record fails to show that any action was taken on the exception, but being a jurisdictional question, we have considered it. It would appear from the language of the assignment of

error that the jurisdiction of the district court is attacked solely on the ground that the amount is less than that of which the court has jurisdiction, but of course the Constitution gives the district court exclusive jurisdiction of all suits for the enforcement of liens on land, no matter what the amount may be. In the propositions it appears that the right of a city incorporated under the general incorporating act, to foreclose liens on real estate for taxes is questioned. The right of cities, so incorporated, to foreclose liens on real estate for taxes due thereon has been clearly settled by the Supreme Court. City of Henrietta v. Eustis, 87 Texas, 14.

The third assignment of error complains that Joe Lowrey, the present city assessor and collector, was permitted to testify that the general tax rolls of the city of Bonham were true copies of the assessment rolls or lists for the years 1895, 1896, 1897, and 1898, and that plaintiff in error had not paid his taxes for those years. The objection urged was, that Lowrey was not the assessor and collector nor a deputy for those years. The witness swore that he assisted the assessor to make up the tax rolls for the years 1895 and 1896, and knew that they were correct copies of the original assessment sheets. He also testified that he had made diligent search for the original assessment sheets for the years 1895, 1896, and 1897 and could not find them. Moss, the assessor for the years 1897 and 1898, swore that he made up the assessment rolls of those years from the original assessment sheets. The original assessment sheet of 1898 was introduced in evidence. The evidence was properly admitted.

The description of the property as found in the tax rolls was as follows: "Abstract No. 112; original grantee, H. Burkhardt; Chas. D. Grace, owner. Situated in city of Bonham," followed by valuation for each year, and "acres rendered 27½." It is insisted that the description is not in compliance with law and does not form a sufficient basis for the foreclosure of a lien, and is different from the description of the land set out in the petition. The description of the land in the assessment of 1898 was made by the plaintiff in error, and is the same as that in the assessments of the other years, which presumably were made by him. The main object in giving a description of the property against which taxes are assessed is to give the owner notice of such charge against his property. The rule as to description in an assessment is held in Pennsylvania to be that "it affords the means of identification, and does not, positively, mislead the owner." Woodside v. Wilson, 32 Pa. St., 52. In New York it is said: "An assessment of nonresident land is fatally defective and void if it contain such a falsity in the designation or description of the parcel assessed as might probably mislead the owner and prevent him from ascertaining by the notices that his land was to be sold or redeemed." Tallman v. White, 2 N. Y., 66.

The description of the land in the assessment rolls could not possibly have had any tendency to mislead the owner, because he rendered it as all the real property possessed by him in Bonham, and he testified in the case that he did not own any land in the Burkhardt survey except

the land described in the petition. Trust Co. v. Oak Cliff, 8 Texas Civ. App., 217; Scollard v. City of Dallas, 16 Texas Civ. App., 620.

In the case of State v. Farmer (Texas Supreme Court), 59 Southwestern Reporter, 541, it was said: "If the description given in the assessment is such that by applying it to the land it can be identified, it is a substantial compliance with the requirements of the statute, and the lien attached." See also Eustis v. City of Henrietta, 90 Texas, 468. The description in this case was almost a literal compliance with the ordinance which required, when persons rendered their property, that they should state the name of the owner, the abstract number of survey, number of certificate, original grantee, the number of acres, and the full and true valuation thereof. Article 499, Revised Statutes, gives cities and towns full authority to pass such ordinances as may be deemed proper to the levying, laying, imposing, assessing, and collecting taxes. The land is described in the petition by field notes, and it is alleged that it is the same land described in the rolls, and is the only land owned by plaintiff in error in Bonham off the Burkhardt survey. There was no doubt about the land described in the petition and that described in the assessment rolls being one and the same. Eustis v. City of Henrietta, 37 S. W. Rep., 632.

The introduction of the ordinance which permitted the pleader in suits for delinquent taxes to give a perfect description of land not fully described in the assessment roll, and to identify the property aliunde the roll, was not erroneous. It conferred no right that was not possesed without it, and in no event could its admission have affected plaintiff in error injuriously.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.