MARTI v. WOOTEN et al. (No. 8964.)

(Court of Civil Appeals of. Texas. Ft. Worth. Nov. 1, 1919. Rehearing Denied Dec. 6, 1919.)

1. TENDER ⊙=19(2)—PLEA ADMITS LIABILITY AND PRECLUDES DEFENSES.

In a suit to foreclose a mortgage, where defendant pleaded a tender in settlement of all the demands sued for and testified that the tender was to cover principal, interest, taxes, and some attorney's fees, he could not, on appeal, question plaintiff's right to declare the whole of the principal due, or to recover taxes and reasonable attorney's fees.

2. BILLS AND NOTES ⊙=126—STIPULATED ATTORNEY'S FEES RECOVERABLE UNLESS SHOWN UNREASONABLE.

Though a provision in a note for the payment of 10 per cent. as attorney's fees in case the note is placed in the hands of an attorney, or suit is brought, is in the nature of a contract for indemnity rather than liquidated damages, the amount so fixed may be recovered, in the absence of pleading and proof that it is unreasonable or unconscionable.

3. TENDER ⊙=22—WAIVER MUST BE PLEADED.

A waiver of the right to insist that a tender was of too small an amount by refusing it on other grounds must be specially pleaded.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by D. G. Wooten against Jost Marti and others. From a judgment for plaintiff, the defendant named appeals. Affirmed.

John L. Poulter, of Ft. Worth, for appellant.

Stanley Boykin and Carl Wade, both of Ft. Worth, for appellees.

DUNKLIN, J. Jost Marti has appealed from a judgment of foreclosure in favor of D. G. Wooten, plaintiff, the lien foreclosed being upon a certain tract of land, title to which was claimed by Marti. The foreclosure was against other defendants also, but none of them has complained of that portion of the judgment.

The suit was upon a promissory note for the principal sum of $1,500 and two interest coupon notes attached thereto, which were secured by a mortgage lien upon the land mentioned above. The mortgage stipulated that the holder of the note and interest coupons should have the option to declare the principal and all unpaid interest due at any time the maker should fail, for ten days after maturity, to pay any installment of the interest. The note further stipulated for the payment of 10 per cent. additional as attorney's fees if suit should be instituted thereon, or if the same should be placed in the hands of an attorney for collection. There was a stipulation in the mortgage, binding the maker to repay to the holder of the note any amount which the holder should pay for taxes accruing upon the land, and that clause in the mortgage further provided that the taxes so paid by the holder should be a charge upon the land, and should be secured by the mortgage in the same manner as the note was secured. One of the interest coupons matured on July 1, 1917. Upon the failure of Marti to pay the same, plaintiff, through his agent, R. G. Johnson, elected to declare the whole debt due, including the principal and another coupon, maturing at a later date. Plaintiff, through his attorney, had, on January 30, 1917, paid $44.25 taxes then due on the land for the year 1916. On or about July 13, 1917, the plaintiff placed the note in the hands of an attorney for collection, and this suit was filed by the attorney July 17, 1917, and a recovery was sought for the principal, interest, and 10 per cent. attorney's fees, and also for the amount of taxes so paid by plaintiff, with interest on all of those sums from and after their respective due dates.

On July 16, 1917, one day prior to the institution of the suit, Marti tendered to R. G. Johnson, plaintiff's agent for the collection of the note, the sum of $1,705 in full satisfaction of all his indebtedness claimed by plaintiff, and after the suit was filed that amount of money was tendered into court, where it remained up to the date of the trial, and upon the trial was again offered to the plaintiff, but the tender was in each and every instance refused.

[1] In the defendant's plea of tender it was alleged that the same was made "in settlement of all the demands in plaintiff's petition mentioned and herein now sued for"; and upon the trial Marti testified that the tender was made to cover "principal, interest, and taxes and some attorney's fees." In his answer, Marti alleged, in substance, that 10 per cent. attorney's fees, claimed by plaintiff at the time the tender was first made, was an unreasonable amount for such fee.

---

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In view of the plea of tender, coupled with Marti's testimony quoted above, he is in no position now to question plaintiff's right to declare the whole debt due at the time the suit was instituted, or at the time the tender was made, or to question the right of plaintiff to demand the taxes which he had advanced, or to demand reasonable attorney's fees upon the note. For that reason, it becomes unnecessary to discuss several assignments of error presented in appellant's brief with respect to an alleged tender prior to July 16, 1917, of an amount sufficient to pay the interest coupon note, maturing July 1, 1917, for the failure to pay which the whole debt was declared due. On July 16, 1917, Marti owned approximately $1,684, principal, interest and taxes. The tender, therefore, of $1,705 included a tender of approximately $21 for attorney's fees, or approximately $140 less than the amount provided for in the note for attorney's fees.

The case was tried before a jury, who, upon a peremptory instruction from the court, returned a verdict in plaintiff's favor for $1,902.36, which was the aggregate of principal interest, taxes and attorney's fees due October 23, 1917, the date of the judgment, if the tender was not for a sufficient amount.

[2] In Lanier v. Jones, 104 Tex. 247, 136 S. W. 255, it was held that a provision in a note for the payment of 10 per cent. for attorney's fees, if the same should be placed in the hands of an attorney for collection, or if suit should be instituted thereon, partakes of the nature of a contract for indemnity rather than a contract for liquidated damages, but further held that, in the absence of a plea and proof that the amount so stipulated is unreasonable and unconscionable, the court is authorized to render a judgment for the amount so fixed and agreed upon.

[3] Appellant insists that the evidence showed that at the time he first made the tender of $1,705 the same was refused by plaintiff's agent, not because it was for an insufficient amount but because the agent then claimed title to the land in his own right, and by reason of that fact plaintiff waived his right now to claim that the tender was of a sum too small to cover the whole debt now claimed by him. Such authorities as 38 Cyc. pp. 134, 141, 144, are cited to support that contention. But that contention must be overruled for the reason that no such waiver was pleaded, it being a well-settled rule that a waiver or estoppel, in order to be available, must be specially pleaded. Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979; American Nat. Fire Ins. Co. v. Rowell, 175 S. W. 170, and decisions there cited.

Furthermore, no assignment appears in appellant's brief, presenting the specific contention that evidence was introduced sufficient to support a finding by the jury that the amount tendered to cover the attorney's fees claimed was all that the services, rendered by plaintiff's attorney up to the time of the tender on July 16th, were reasonably worth, and that the court erred in taking that issue from the jury.

For the reasons noted, all assignments of error are overruled, and the judgment of foreclosure as against appellant, Jost Marti, is affirmed; the judgment against all other defendants, from which no appeal was prosecuted, is undisturbed.