## CITY OF RISING STAR v. DILL.*
### (No. 10877.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 15, 1923. Rehearing Denied Jan. 26, 1924.)

**1. Taxation ⬦587 — Held to amount to acknowledgment of justice of taxes sued for, and a waiver of notice of delinquency.**

Defendant in an action for delinquent taxes, by his tender of part of the amount sued for, pleaded and proved by him, acknowledges justice of the debt, none of the tax being shown less valid than the part admitted by the tender, and waives the failure to give the 90 days' notice, under Vernon's Ann. Civ. St. Supp. 1922, art. 7687a, of delinquency taxes, and that action will be brought therefor.

**2. Taxation ⬦421(1)—Owner may not complain of insufficiency of description of property furnished by him.**

The property owner is estopped, especially in view of tender by him of part of the taxes, to deny the sufficiency of the meager description of the property in the current tax rolls, etc.; it being the same given by him to the tax assessor and collector, in rendering his property for taxes.

**3. Municipal corporations ⬦958—City, unless having special method, may collect taxes according to statute without adopting it by ordinance.**

In view of Vernon's Ann. Civ. St. Supp. 1918, art. 774, and Vernon's Sayles' Ann. Civ. St. 1914, art. 7699, a city, unless it has a special charter or has adopted a special method of collecting taxes other than provided by title 22, need not, under Vernon's Ann. Civ. St. Supp. 1922, art. 762, by ordinance accept the provisions of title 22, to avail thereof.

On Motion for Rehearing.

**4. Constitutional law ⬦197—Ex post facto laws pertain only to criminal proceedings.**

Rev. St. art. 7689a, as added by Acts 38th Leg. 2d Called Sess. (1923), c. 13, § 6, limiting defenses to actions for delinquent taxes, is not an ex post facto law, inhibited by Const. art. 1, § 16, as such a law pertains only to criminal proceedings.

**5. Constitutional law ⬦166—Taxation ⬦37—Obligation of contracts not impaired by statute limiting defenses in action for delinquent taxes.**

Rev. St. art. 7689a, as added by Acts 38th Leg. 2d Called Sess. (1923), c. 13, § 6, limiting defenses in actions for recovery of taxes, does not impair obligation of contracts, within inhibition of Const. art. 1, § 16.

**6. Constitutional law ⬦188—Law limiting defenses in action for taxes, not inhibited retroactive law.**

Rev. St. art. 7689a, as added by Acts 38th Leg. 2d Called Sess. (1923), c. 13, § 6, limiting defenses in actions for recovery of delinquent taxes, as applied to action pending at time of its enactment, is not a retroactive law within inhibition of Const. art. 1, § 16; it affecting the remedy only.

**7. Constitutional law ⬦305—Law limiting defenses in action for delinquent taxes not violative of due process and due course of law clauses.**

Rev. St. art. 7689a, as added by Acts 38th Leg. 2d Called Sess. (1923), c. 13, § 6, limiting defenses in actions for delinquent taxes, held not violative of Const. art. 1, §§ 13, 19, and Const. U. S. Amend. 14, § 1, as to due course of law and due process of law.

**8. Municipal corporations ⬦980(3)—Sufficient prima facie showing of correctness of list in action by city for delinquent taxes.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 7685, held, in an action by a city for delinquent taxes, that a sufficient prima facie showing of the correctness of the list was made.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by the City of Rising Star against J. M. Dill. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

M. McCullough, M. J. Smith, and Burkett, Orr & McCarty, all of Eastland, for appellant.

J. L. Alford, of Rising Star, and D. K. Scott, of Cisco, for appellee.

BUCK, J. This suit was filed in the Eighty-Eighth district court of Eastland county, by the city of Rising Star against J. M. Dill, to collect $130.99, alleged to be due for taxes, penalty, collector's costs, district clerk's costs, advertising fee, city attorney's and sheriff's costs, on two tracts of land located in the city of Rising Star. Plaintiff's petition alleged that defendant was the owner of the two tracts, one being two acres and the other being a city lot, each particularly described, and that the taxes sued for were for the year 1921. Defendant filed a general demurrer and numerous special exceptions, a general denial, and by special answer attacked the petition and plaintiff's right to recover for the following reasons, to wit: That the assessment of the tax was illegal and invalid; that plaintiff's petition failed to allege that a proper 90 days' notice was served on defendant before suit, nor did said petition show that said notice contained a description of the land with the schedule of taxes, as required by law; that the required notice was not served on defendant 90 days before suit; that the taxes attempted to be collected were in excess of the limit allowed by law; that

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 19, 1924.

the petition failed to show the separate purposes for which said tax levies were made; that said taxes attempted to be levied and collected were in excess of the amount allowed by law to be assessed and collected by cities and towns of the class of plaintiff; that plaintiff did not have the right to bring suit in the district court, because it had not, by ordinance, adopted title 22, of the Revised Statutes of Texas; that a part of the tax sought to be collected was illegal and void because it was to be applied, when collected, toward payment of warrants wrongfully and illegally issued to the, Janes Construction Company in payment of the extension of the sewer system, and that the limit of taxation had already been reached before and without the amount levied for the payment of such warrants; that defendant had tendered the full amount of the city taxes legally due and owing by him. Plaintiff further tendered into court the amount which he alleged he owed.

Plaintiff filed numerous exceptions to defendant's answer, and a general denial to all new matters raised by said answer. It is not shown that the court formally acted upon any of the exceptions raised by either plaintiff or defendant, except as it may have overruled plaintiff's exceptions by virtue of the judgment rendered by the court in favor of the defendant. The cause was tried without a jury, and the court rendered a judgment that plaintiff recover nothing against the defendant, from which judgment plaintiff has appealed.

In the third assignment, appellant urges that since article 7689a as added by Acts 38th Leg., 2d Called Sess. (1923), c. 13, § 6, provides that there shall be no defense to a suit for collection of delinquent taxes, except (1) that the defendant was not the owner of the property at the time the suit was filed, (2) that the taxes sued for have been paid, and (3) that the taxes sued for are in excess of the limit allowed by law, but the last defense shall apply only to such excess, and since the defendant did not establish any of the defenses by proof, and the evidence shows that he did own the land, that the taxes have not been paid, and the taxes sued for were not in excess of the limit allowed by law, that judgment should have been rendered for plaintiff below. This contention is sound if the defendant owner has been brought properly into court by proper service of notice and citation, or if such notice and citation has been waived. Article 7687a, 1918 Supp., Vernon's Ann. Civ. Stats., as amended by Acts of 1919, Thirty-Sixth Legislature (Vernon's Ann. Civ. St. Supp. 1922, art. 7687a) provides:

"During the months of April and May each year, or as soon thereafter as practicable, the collector of taxes in each county of this state shall mail to the address of each record owner, of any lands or lots situated in the county a notice showing the amount of taxes delinquent or past due and unpaid against all such lands and lots as shown by the delinquent tax record of the county on file in the office of the tax collector, a duplicate of which shall also have been filed in the office of the comptroller of public accounts of the state of Texas and approved by such officer. Such notice shall also contain a brief description of the lands and lots appearing delinquent and the various sums or amounts due against such lands and lots for each year, they appear to be delinquent according to such records, and it shall also recite that unless the owner or owners of such lots or lands described therein shall pay to the tax collector the amount of taxes, interest, penalties and costs set forth in such notice within 90 days from the date of notice, then, and in that event, the county or district attorney will institute suits for the collection of such moneys and for the foreclosure of the constitutional lien existing against such lands and lots. And it shall also be the duty of the tax collector in every county of this state, as soon after mailing such notice as practicable, to furnish to the county or district attorney duplicates of all such notices mailed to the taxpayers in accordance with the provisions of this act, and also, lists of lands and lots located in the county appearing on the delinquent tax records in the name of 'unknown' or 'unknown owners', or in the name of persons whose correct address or place of residence in or out of the county said collector is unable, by the use of due diligence, to discover, or ascertain, against which taxes are delinquent, past due, and unpaid, and such lists or statements shall show the amount of state and county taxes delinquent, past due, and unpaid, against each such tract or lot of land for each year they appear to be delinquent according to the delinquent tax records of the county and shall likewise contain a brief description of all such lands and lots. And it shall be the further duty of the tax collector to furnish on demand of any person or persons, firm or corporation like statements with reference to any particular lot or tract of land for whatever purpose desired, which shall be in all instances certified by him with the seal of his office attached. Whenever any person or persons, firm or corporation shall pay to the tax collector all of the taxes, interest, penalties and costs shown by the delinquent tax records of the county to be due and unpaid against any tract, lot, or parcel of land for all the years for which said taxes may be shown to be due and unpaid, prior to the institution of suit for the collection thereof, it shall be the duty of the tax collector to issue to such person or persons, firm or corporation, a receipt covering such payment as is now required by law."

In Hunt v. State, 110 Tex. 204, 217 S. W. 1034, the Supreme Court held that the giving of such 90-day notice, containing a brief description of the lands or lots appearing delinquent to the record owner at the time of the notice, was a prerequisite, which must be complied with before a recovery could be had. The evidence shows and the trial court found that the defendant was not served with such notice 90 days before suit was fil-

ed.   J. W. Smith, the tax assessor and collector of Rising Star, testified:

"That card that we sent out, if I recall it all, stated that on the 10th day of October the delinquent tax lists would be turned over to the X-Ray Publishing Company for publication, after which suits would be filed in the district court for the taxes due.   That was for the year 1921.   Well, 1919 to 1921, which included three years—there was space left at the bottom and the year delinquent was marked at the bottom.   On this notice to Mr. Dill the year 1921 was put on that notice.   The amount of the tax was not put in there.   The amount of the taxes was not put in; and no description of the property was in the notice at all.   What I have just stated is all that I remember, and is substantially all that was on that card."

[1] No evidence was introduced tending to show that defendant received the legal 90-day notice required by the statute, or that such notice was even mailed to his address. According to the Supreme Court decision in Hunt v. State, supra, the mailing of this notice to the record owner was a necessary prerequisite to plaintiff's right to recover.   If appellant's contention that this 90-day notice was waived by appellee, by virtue of his pleading and proof that he tendered to the tax collector of appellant the amount of taxes, and tendered in open court the amount of taxes which he claimed to be due (the controversy arising over the payment of a small proportion of the taxes which the appellee alleged were to be used in the payment of certain warrants illegally issued to the Janes Construction Company for the building of a sewer system), should not be sustained, then the judgment below must be affirmed, for the lack of the 90-day notice.   Defendant having pleaded the tender, and having offered proof thereon, no question can arise, we think, as to the effect of such tender as a waiver of the 90-day notice.   In 38 Cyc. page 163, it is said:

"A tender is ordinarily an admission of an amount due equal to the sum tendered, even though the tender is insufficient in form, or is made in a case where a valid legal tender cannot be made; and it dispenses with proof of everything that would otherwise be necessary to enable plaintiff to recover upon the obligation or cause of action sued upon to the extent of the sum admitted to be due."

In Marti v. Wooten, 217 S. W. 447, writ of error refused, this court, speaking through Justice Dunklin, said:

"In the defendant's plea of tender it was alleged that the same was made 'in settlement of all the demands in plaintiff's petition mentioned and herein now sued for'; and upon the trial Marti testified that the tender was made to cover 'principal, interest, and taxes and some attorney's fees.'   In his answer, Marti alleged, in substance, that 10 per cent. attorney's fees, claimed by plaintiff at the time the tender was first made, was an unreasonable amount for such fee.

"In view of the plea of tender, coupled with Marti's testimony quoted above, he is in no position now to question plaintiff's right to declare the whole debt due at the time the suit was instituted, or at the time the tender was made, or to question the right of plaintiff to demand the taxes which he had advanced, or to demand reasonable attorney's fees upon the note."

In 26 R. C. L. p. 650, § 32, the author says:

"The legal effect of a plea of tender is an irrebuttable admission of indebtedness to the extent of the tender, regardless of the final outcome of the action."

In the case of Mann v. Sprout, 185 N. Y. 109, 77 N. E. 1018, 5 L. R. A. (N. S.) 561, 7 Ann. Cas. 95, the court said:

"When the sum tendered is less than the amount due, it is a conclusive admission of the indebtedness to the extent of the tender, regardless of the final result of the action."

The validity of a part of appellee's indebtedness to appellant being thus established, the only remaining question is, Was any part of the amount sued for less valid than the part admitted?   The tax assessed against defendant's two pieces of property amounted to $107.61.'   The total valuation of this property amounted to $7,175.   The $107.61 is less than 1½ per cent. of $7,175.   Article 925, Rev. Statutes 1922 Supp., provides that cities having a population of 5,000, or less, may assess and collect taxes up to 1½ per cent. of the value of the taxable property.   While defendant pleaded that the warrants issued for the construction of the sewer system were illegal, yet he offered no proof thereof. Therefore we conclude that, if any of the tax was valid and legal, it is not shown that it was not all legal, and that appellee, having made a tender of a part of the amount sued for, defendant is precluded from denying the legality of all of it.   We think this is true, even though defendant was not served with the 90-day notice required by article 7687a, 1918 Supp.   In view of the tender, amounting to an acknowledgment of the justice of the debt, the want of notice was waived.

The trial court found, as one of his findings of fact, that no legal and valid assessment was made of the defendant's property. Plaintiff offered as an exhibit the current tax rolls, which, as to defendant, is as follows:

| Name. | Abstract. | Survey. | Original Grantee. | Personal. | No. A. | Total Rendition. | Rate. | Tax. Paid. |
|---|---|---|---|---|---|---|---|---|
| J.M.Dill | 1029 | 28, | T.W.A. | | 25/70 | | $1.50 | |
| " | " | " | " | $675. | 2 | $7175. | " | $107.62 |

The delinquent tax list, as published in the Rising Star paper, contained the same description of the property of defendant as

shown on the current tax rolls; the published list showing taxes and penalty due on the two acres of $54.62, and on the 25x70 foot lot of $63.74. There was some evidence tending to show that the defendant had rendered his property for taxes, giving the meager description thereof shown on the tax rolls. Defendant at first denied signing the inventory list, but, when he was cross-examined as to whether he did not sign the list in pencil (the signature having been traced in ink by Mrs. Irby, the tax assessor and collector of the appellant for 1921), he said he would not be positive that he did not sign the list with a pencil. Mrs. Irby testified that he did sign it in her presence, and we are of the opinion that the evidence sustains the conclusion that he did sign it, and that the trial court must have so found, though that finding is not in the findings of fact filed.

[2] Appellant urges that, since the meager description of the property given in the current tax rolls, and elsewhere, was an exact copy of the description given by defendant himself to the plaintiff's tax assessor and collector, defendant would be estopped to deny the sufficiency of such description. Appellant cites the case of McMahan v. State (Tex. Civ. App.) 147 S. W. 714, writ refused, and Grace v. City of Bonham, 26 Tex. Civ. App. 161, 63 S. W. 158, writ refused, in support of its contention. Other supporting authorities might be cited, in addition to those cited in the two decisions mentioned, supporting appellant's contention. We are of the opinion that tthe two assignments raising this question should be sustained, especially in view of the tender.

[3] The trial court found that the plaintiff had not complied with the requirements of article 762, as amended, by accepting the provisions of title 22, Rev. Statutes, by a two-thirds vote of the council, at a regular meeting thereof, and having such action entered upon its journal and signed by the mayor and recorded in the office of the county clerk. Article 762, Vernon's Ann. Civ. St. Supp. 1922, reads as follows:

"Any incorporated city, town or village in this state containing 600 inhabitants or over, including those incorporated under chapter 14 of this title, or chapter 11 of title 18 of the Revised Statutes of 1895, and other laws, general and special, and any incorporated city, town or village of whatever population containing one or more manufacturing establishments within the corporate limits, and which may be subject to the provisions of the act known as 'chapter 23 of the Acts of the Regular Session of the 34th Legislature, page 38,' which was approved by the Governor on February 25th, 1915, or any amendments thereto, may accept the provisions of this title relating to cities and towns, in lieu of any existing charter, by a two-thirds vote of the council of such city, town or village, which action by the council shall be had at a regular meeting thereof."

It is evident from reading this statute that it was the legislative intent to provide that any city or town, regardless of whether or not it had already adopted charter provisions for the collection of taxes, might adopt the statutory provision in this article by a two-thirds vote of the city council. Articles 762 and 774 were originally passed in 1881, and amended in 1885, and further amended in 1915. Article 774, as amended (Vernon's Ann. Civ. St. Supp. 1918), reads as follows:

"Any city or town containing six hundred inhabitants or over may be incorporated as such, with all the powers, rights, immunities and privileges mentioned and described in the provisions of this title relating to cities and towns, in the manner described in chapter 14 of this title for incorporating towns and villages, except that the application to become incorporated shall be signed by at least fifty electors, residents of such city or town, and except that when an election is held according to the provisions of such chapter the words 'towns and villages' shall be construed to read and mean 'cities and towns.' When the entry by the county judge, provided in article 1041, in said chapter 14, is made with reference to a city or town of six hundred inhabitants and over, such city or town shall be invested with all the rights and privileges of such cities conferred by this title."

It would appear from article 774 that after appellant city had been incorporated under this article it became invested with all the rights and privileges of cities conferred by title 22, and that, unless it had adopted a charter and had some different provisions for the collection of taxes other than those provided by title 22, there would be no necessity for the adoption of the provisions of article 762. Moreover, in article 7699, Vernon's Sayles' Ann. Civ. St. 1914, under the general title of "Taxation" (Acts of 1897), it is said:

"In any incorporated city or town, in which any lots or blocks of land situated within the corporate limits of said city or town have been returned delinquent or reported sold to said city or town for the taxes due thereon, the city council may prepare lists of delinquents in the same manner as is provided for in article 7685; and; when such lists shall be certified to as correct by the mayor of said city or town, the city council may direct the city attorney to file suit in the district court of the county in which said city or town is situated, for the recovery of the taxes due on said property, together with penalty, interest and costs of suit; which suits may be brought in the same manner as is provided in article 7687 of this chapter, for the bringing of suits by the county attorney."

The incorporation of the city of Rising Star took place in 1905, after an election for that purpose, and under the general laws then in effect. It is not shown that it had any special charter, or had adopted any special method of assessing taxes and collecting delinquent taxes other than that provided under the law then in effect. We are of

the opinion that is was immaterial whether or not plaintiff showed that the provisions of article 762 had been accepted by the council, and therefore the finding of the court that such article had not been accepted becomes immaterial.

We are of the opinion that the trial court erred in rendering judgment for defendant, and that, under the facts shown and under the law, as we have herein discussed it, judgment should have been rendered for plaintiff for the amount of the taxes, penalty, costs, etc. Therefore we will reverse \the judgment below, and here render judgment for the appellant for the taxes, penalty, and costs and for foreclosure of the tax lien.

Reversed and rendered.

### On Motion for Rehearing.

[4-6] Appellee urges that article 7689a, cited in our original opinion, does not apply to this case, since it was passed at the second called session of Thirty-Eighth Legislature, which adjourned May 15, 1923—that the act was approved by the Govermor on May 26th, and took effect 90 days after adjournment, on August 15th, as he claims, but really on August 13th.

Trial was had and judgment rendered September 10, 1923. Certainly at that time the law was effective. Suit was filed December 19, 1922, and defendant's answer was filed March 6, thereafter.

The Constitution of the state of Texas, art. 1, § 16, provides:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

Laws like article 7689a, are not ex post facto laws, as the latter pertain only to criminal proceedings. Sutherland v. De Leon, 1 Tex. 305, 46 Am. Dec. 100; Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249. Nor can the act be said to be one impairing the obligation of contracts. Is it a retroactive law, and under the constitutional inhibition?. Ordinarily laws affecting remedies or questions of procedure are held not to be within the inhibition. Laws retrospective or retroactive are held to be such laws as destroy or impair rights vested in accordance with the laws of the land. De Cordova v. Galveston, 4 Tex. 484. In this case, the Supreme Court held that laws which affect the remedy only are not within the scope of the inhibition of this article and section of the Constitution, and further held that certain notes sued on by appellant were barred by a law of limitation passed subsequent to the execution of the notes.

"Where there is no direct constitutional prohibition, the legislative branch, whether federal or state, may pass retrospective laws, such as, in their operation, may effect suits pending, and give to a party a remedy which he did not previously possess, or modify an existing remedy, or remove an impediment in the way of legal proceedings. Such acts are of a remedial character and are the peculiar subjects of legislation." 6 R. C. L. p. 322, § 311.

See 8 Cyc. p. 1021, §§ (c) and (d). So the Legislature may change the law as to venue applicable to a cause of action accrued before the passage of the act. Baines v. Jemison, 86 Tex. 118, 23 S. W. 639. The Legislature may provide a means of establishing the validity of a claim without violating the constitutional inhibition. Caldwell Co. v. Harbert, 68 Tex. 321, 4 S. W. 607.

A law changing rules of evidence is not void as retrospective, though enacted after suit is brought. Etter v. Railway Co., 2 Willson, Civ. Cas. Ct. App. §§ 58, 62. An act requiring interest to be paid on taxes as a condition of redemption from the state is held legal in League v. State, 93 Tex. 553, 57 S. W. 34; Landa v. Obert, 5 Tex. Civ. App. 620, 25 S. W. 342.

[7] Hence, we conclude that this objection of appellee to the judgment rendered on original hearing should be overruled.

We have examined Earle v. City of Henrietta, 91 Tex. 301, 43 S. W. 15, Eustis v. City of Henrietta, 90 Tex. 468, 39 S. W. 567, McCormick v. Edwards, 69 Tex. 106, 6 S. W. 32, and Meredith v. Coker, 65 Tex. 29, cited by appellee, and do not believe that either of these cases supports the contention made by appellee that the act under discussion is in violation of article 1, § 16. But is the act in violation of other constitutional provisions, especially article 1, §§ 13 and 19, or of section 1 of the Fourteenth Amendment? Article 1, § 13, provides in part:

"All courts shall be open; and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

Section 19 provides:

"No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

In Eustis v. City of Henrietta, supra, on certified question from this court, the Supreme Court had under consideration the constitutionality of an act providing:

"But no person shall be permitted to question the title acquired by the said deed without first showing that he, or the person under whom he claims title, had title to the land at the time of the sale, or that the title was obtained after the sale, and that all taxes due upon the lands have been paid by such person or the person under whom he claims title as aforesaid."

[8] This act is apparently contained in part in article 958, of the Civil Statutes. The Supreme Court held that the law was unconstitutional in so far as it required the payment of taxes as a precedent to making a defense against a void claim under a tax

sale, and was in violation of the three sections of the Constitution mentioned above. The court further held that the description of the property in its rendition and assessment for taxation was sufficient when it furnished the means by which the property could be identified from the description itself, or by the use of extrinsic evidence to apply that description to the property. This holding has been followed by numerous decisions. We are of the opinion that the holding that the act there under discussion was unconstitutional, in so far as it excluded a defense that the claim of the taxing authority was void, does not apply in the instant case. It is contended in this motion that the city failed to show that a legal levy of the taxes sought to be collected had been made by it— that such levy must be shown by the introduction of an ordinance of the city authorizing such levy. Earle v. City of Henrietta, supra; Greer v. Howell, 64 Tex. 688; Meredith v. Cooper, 65 Tex. 29; Dawson v. Ward, 71 Tex. 72, 9 S. W. 106; Clayton v. Rehm, 67 Tex. 52, 2 S. W. 45.

Article 7685, Vernon's Sayles' Ann. Civ. St. 1914, provides, in part, that:

"The list for each county, when certified to by the county judge, and assessment rolls and books on file in the tax collector's office, shall be prima facie evidence that all the requirements of the law have been complied with by the officers charged with any duty thereunder, as to the regularity of listing, assessing, levying of all the taxes therein mentioned, and reporting as delinquent or sold to the state any real estate whatsoever, and that the amount alleged against said real estate is a true and correct charge; and, in cases in which the description of the property in said list or assessment rolls or books is not sufficient to properly identify the same, and of which property there is a sufficient description in the inventories in the assessor's office, then said inventories shall be admissible as evidence of the description of said property."

Upon the mayor of a city devolves the duty of certifying to the correctness of the list, and the mayor of Rising Star did certify that the list of delinquent taxes, including the taxes of defendant below, was "a full true and correct list of the lots, blocks and tracts of land delinquent for taxes due the city of Rising Star * * * for the years, A. D. 1919, 1920, and 1921."

In Rouse v. State, 54 S. W. 32, the San Antonio Court of Civil Appeals, speaking through Judge Fly, held that the delinquent list alone was not prima facie evidence that the law had been complied with, but inferentially held that, if article 7685 had been complied with, and there had been a proffer, not only of the certified list, but also of the assessment rolls and books on file in the tax collector's office, such proof would be sufficient. See Watkins v. State (Tex. Civ. App.)

61 S. W. 533, and Garza et al. v. City of San Antonio, 231 S. W. 697. In the last cited case, the Commission of Appeals said:

"It has been held in this state that when the delinquent tax rolls required by statute (Rev. St. 1911, art. 7685 et seq.) to be made out are offered in evidence, they are prima facie evidence of nonpayment."

In the instant case, we think at least a sufficiency of the "assessment rolls and books on file in the tax collector's office" was shown. That portion of the tax rolls showing the name of J. M. Dill was introduced, showing his property, both real and personal, its assessed value, the rate of taxation, the amount of tax, etc.; the affidavit of the tax assessor and collector to the correctness of the "Rendered City Tax Roll"; the report of the board of equalization, that they had equalized the values of all the property on the tax rolls, both on the rendered and the unrendered rolls; the inventory of the property by defendant below, with the valuation given thereon by him, under oath; an excerpt from the delinquent tax rolls, showing the property of defendant, and its valuation and the taxes due, including penalties, etc. We are of the opinion that this constituted a sufficient prima facie showing of the correctness of the list.

The motion for rehearing is overruled.