## MULLINS et al. v. COLFAX CONSOLIDATED SCHOOL DIST. (No. 3679.)

Court of Civil Appeals of Texas. Texarkana. May 29, 1929.

Rehearing Denied June 6, 1929.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

of the grouping of the two common school districts. Upon the consolidation of the two common school districts the trustees thereof ceased to have any further powers, and their offices are abolished. Article 2922e, Rev. St. 1925. The control and management of a rural district are immediately vested in the trustees by articles 2922e and 2922k, Rev. St. 1925. And the power to levy and collect taxes "on the property of the district" is expressly lodged in the trustees of the district. Article 2922l, Rev. St. 1925. The several provisos of the act in no wise require or contemplate a different construction. While the proviso contemplates an "annual levy" by the trustees of "a uniform tax" upon the taxable property of the district as a whole, when such uniform tax rate has been authorized by a majority of the taxpaying voters at an election held in the district for the purpose, yet, as next expressly provided, "until such time as a uniform tax may be provided for the benefit of the rural high school," then and in that event the same "local taxes previously authorized by a district or districts included in a rural high school district" shall be "continued in force" for the purposes authorized. The plain meaning and purpose is that until and unless there was adopted, by the method prescribed by the act, "a uniform tax" at a rate bearing equally and alike upon the taxable property of the whole district, there should be the continuance of the annual levy by the trustees, upon whom the taxing power was conferred, of the same local tax rate allowable in each separate common school district at the time of the grouping for a high school district. The latter proviso is in the nature of a saving clause, introduced in order to continue in force the old law applicable to common school districts for and during the time until a change was effected to "a uniform tax" for the consolidated district, as a taxing district.

It is in strict accordance with fundamental law that all taxable property within the consolidated district, as a taxing district, should be taxed uniformly, and that there should not be a nonuniformity of tax rate for the same public purposes. 1 Cooley on Taxation, p. 420. The Legislature had in view, not to absolutely fix by the act a sum of "taxes" collectible for each common school district, but merely to continue the authority to levy "a rate," or percentage, in the discretion of the trustees, not to exceed the legal rate "previously authorized"; for the local taxes "previously authorized" by law for common school districts prescribed that "the rate of bond tax together with the rate of maintenance tax" shall not "exceed" $1 on the $100 valuation. Article 2784, subd. 3, Rev. St. 1925. And "previously" to the consolidation the law directed the required percentage of taxes for common school districts to be levied and collected "annually." Article

Jones & Jones, of Mineola, for appellants.
James M. Shields, of Canton, and Wynne & Wynne, of Wills Point, for appellee.

LEVY, J. (after stating the case as above). As will be observed, the power is expressly conferred upon the trustees "to levy and collect an annual ad valorem tax," which is not "to exceed" the maximum tax rate specified, on "the taxable property of the district," for the purposes named. Official action of levy is explicitly required to be taken by "the trustees," and that "annually." And it is the plain and evident purpose of the act to make such conferred power and the duty imposed to make levies annually a continuing one on the part of the trustees from the time

2784. There was no intention to change such existing law in these respects.

The fact is admitted in the record that the trustees did not make a levy of the tax for the year 1926 upon property situate within either of the common school districts. No levy of any kind was made by the trustees. Such levy was necessary and essential. Earle v. City of Henrietta, 91 Tex. 301, 43 S. W. 15; Geffert v. School Dist. (Tex. Com. App.) 290 S. W. 1083. The commissioners' court had the power to annually levy and collect taxes for the common school districts so long as such common school districts remained distinctively such (article 2784), but not so after the consolidation. However, it is proper to state that the order of the commissioners' court made in 1925, before the consolidation, was the character of levy that the trustees should have made and entered of record in 1926.

Appellee cites McPhail v. Tax Collector (Tex. Civ. App.) 280 S. W. 260, as supporting the judgment. We do not understand that case as in any wise deciding the point involved in the present appeal to the contrary of the conclusion reached by this court. In that case it was stated: "Immediately after their appointment the trustees organized the board and levied a tax on the property in the district at the same rate that had been theretofore levied by the trustees in the respective common school districts." The factual element that "the trustees levied a tax on the property" in the districts, respectively, for that particular year, does not so appear in the present appeal, and is the vital fact of the present appeal. The court in that case said: "As no uniform tax has been voted, it was the duty of the trustees to do just as they did; that is, to levy on those districts, respectively, the same tax previously authorized by them." We fully agree to such conclusion.

The judgment is reversed, and judgment is here rendered in favor of appellants.