## J. W. BRADFORD v. G. A. BROWN.

### Decided November 30, 1904.

**School Lands—Cancellation of Lease—Evidence—Disposition.**

That a lease of school lands had been cancelled could not be proved by deposition of the Commissioner of the General Land Office, the written declaration cancelling the lease given under the hand and seal of the Commissioner which is required to be filed with the other papers in the case being the proper proof.

Appeal from the District Court of Menard. Tried below before Hon. J. W. Timmins.

*John E. Brown,* for appellant.

*J. D. Scruggs, A. R. Pool* and *Hill & Lee,* for appellee.

JAMES, CHIEF JUSTICE.—The action was brought by appellant in trespass to try title to recover a section 72 as his home section, and three other sections as additional land. The court rendered judgment for appellee.

The evidence before the court disclosed the following undisputed facts: That said school lands had been leased to George Brown for the term of ten years from September 12, 1895, by lease No. 10995, dated October 24, 1895. Also that appellant's applications (he made one on June 23, 1902, and another on December 29, 1902) were rejected by the Commissioner, the indorsements of the Commissioner thereon showing that the land was sold to Mrs. George Brown September 8, 1900. Plaintiff was suing on rejected applications. The facts were developed in plaintiff's proof, and defendant introduced no testimony.

In connection with the fact of said lease, plaintiff offered to show by the deposition of the Commissioner that it was not in force, and had been cancelled for nonpayment of the sixth annual rent, as shown by a certificate of cancellation under his hand and seal dated December 29, 1902, and on file in his office with the papers pertaining to said lease 10995. Upon objection the court excluded this proof and properly so, as such matter could not be proved by means of the deposition of the Commissioner, if objected to. Bass v. Mitchell, 22 Texas, 293; Stafford v. King, 30 Texas, 257; Meyer v. Hale, 23 S. W. Rep., 990; Clayton v. Rhem, 67 Texas, 53. Art. 4218, Sayles Revised Statutes requires a declaration cancelling a lease to be in writing under the Commissioner's hand and seal, and to be filed with the other papers relating to such lease. Such paper is essential to the cancellation of a lease, People v. Anderson, 76 S. W. Rep., 433, and comes within the meaning of "paper, document or record" of the Land Office under article 2308, Sayles Revised Statutes. The deposition, being admissible to prove same, was properly excluded and the evidence as it stood when the cause was submitted to the court, failed to show that the lease had terminated. This being so, it showed that the Commissioner was right in rejecting plaintiff's application. And as plaintiff in trespass to try title must show some title in himself regardless of defendant's right in order to recover, this consideration alone warranted the court in adjudging that plaintiff take nothing by his suit.

Plaintiff's rejected applications showed by the indorsements thereon that the lands had, on September 8, 1900, been sold to Mrs. George Brown. It might be contended that this fact, thus in evidence, indicated that the lease had been cancelled prior to September 8, 1900, but if this view could be taken, we do not see how it could benefit plaintiff, for if so, a sale of the lands to Mrs. Brown which appeared in the same

connection, would have warranted the Commissioner in rejecting plaintiff's subsequent applications.

The testimony was offered, as the fifth assignment states, for the purpose of showing that if the land was sold to Mrs. George Brown at all it was during the life of a valid lease. But the judgment rendered was not necessarily based on the sale to Mrs. Brown. Plaintiff having introduced proof of the ten years' lease, and having failed to introduce proof of its termination, the court being called on to render judgment in the case as thus presented by the evidence must have considered the lease as in force at the time of plaintiff's application, and that the latter acquired no right by virtue of his applications.

The matters referred to in the other assignments are immaterial in view of what has been said.

The judgment is affirmed.                                   *Affirmed.*

Writ of error refused.