### FRIEDNER v. CITY OF GALVESTON.
### (No. 8025.)

(Court of Civil Appeals of Texas. Galveston. March 1, 1921. Rehearing Denied March 24, 1921.)

Taxation ⬤⇒433—Tax rolls not verified by assessor will not support judgment.

As the Galveston charter declares that until the passage of ordinance, etc., the assessor and collector of taxes shall be governed by the general laws of the state, while Vernon's Sayles' Ann. Civ. St. 1914, art. 7580, requires tax rolls to be verified by the affidavit of the assessor, and no ordinance was passed, the tax rolls, not verified by the affidavit of the assessor of the city of Galveston, the purported verification merely being signed by him and lacking any jurat or seal, will not support a judgment in favor of the city for the taxes claimed due.

Appeal from District Court, Galveston County; H. C. Hughes, Judge.

Action by the City of Galveston against Sam Friedner. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

P. A. Drouilhet, of Galveston, for appellant.

Frank S. Anderson and Geo. P. Prendergast, both of Galveston, for appellee.

LANE, J. This suit was brought by the city of Galveston against appellant, Sam Friedner, to recover the sum of $163.96, alleged to be due for taxes assessed against certain lots in said city for the year 1917 for municipal and school purposes, and for foreclosure of the tax lien on said lots. Appellant, Friedner, defendant in the court below, answered by general denial. The cause was tried before the court without a jury, and judgment was rendered in favor of appellee, city of Galveston, for $163.96, and for a foreclosure of its tax lien on the lots in question.

That the taxes sued for were assessable against the properties of appellant for municipal and school purposes, and that same could be recovered from appellant by the suit of appellee, if properly assessed, is not questioned. But the only contentions made by appellant for reversal of the judgment rendered are: First, that the court erred in rendering judgment against him for said tax-es because the undisputed evidence shows that the tax rolls showing the taxes sued for were not verified by the assessor and collector of taxes for the city of Galveston, as required by law, and for that reason it was not a valid assessment; therefore the suit of the city against appellant could not be sustained. Second, that the court erred in holding that the irregularities of the board of equalization in equalizing and approving the tax assessments were not such as to render such assessments void.

We think the first contention should be sustained. By section 55 of the charter of the city of Galveston it is provided, among other things, as follows:

"Said board of commissioners shall have power to provide by ordinance for the assessing and prompt collection of all taxes, and to regulate the manner, mode, and form of making out, and swearing to, tax lists or inventories, and the appraisement of property therein, and to prescribe how and when property shall be rendered, and shall also prescribe the number and form of assessment rolls and fix and define the duties and powers of the assessor and collector, and adopt such measures and regulations, and prescribe and enforce such penalties, as they may deem advisable, to secure the due and proper assessment of all property within the limits of said city, and the collection of the taxes thereupon, conforming the said manner and mode of rendering property for assessment, and the assessment thereof, as near as may be, to that provided by law for the rendition and assessing of property for state and county purposes; *and until the passage of such ordinances the said board of commissioners and the assessor and collector of taxes shall be governed in their procedure and acts in relation to the assessment and collection of said taxes as provided by the laws of this state relating to the assessment and collection of state and county taxes.*" (Italics ours.)

No such ordinance of the city had been passed when the assessments in question were made and completed, and therefore the assessment is governed by the laws of the state relating to the assessment of taxes.

By article 7580, Vernon's Sayles' Civil Statutes, it is provided:

"The assessor of taxes shall, on or before the first day of August of each year for which the assessment is made, return his rolls or assessment books of the taxable property rendered to him or listed by him for that year, after they have been made in accordance with the provisions of this title, to the county board of equalization, verified by his affidavit, substantially on the following form:

"The State of Texas, ...... County.

"I, ......, assessor of ...... county, do solemnly swear that the rolls (or books) to which this is attached contain a correct and full list of the real and personal property subject to taxation in ......, (fill the blank with the name of the county) county, so far as I have been able to ascertain the same; that I have sworn every person listing property to me

---

in the county, or caused the same to be done in manner and form as provided by law, and that the assessed value set down in the proper column opposite the several kinds and descriptions of property is the true and correct valuation thereof as ascertained by law, and the footings of the several columns in said books and the tabular statement returned is correct, as I verily believe."

The certificate attached to the tax rolls in the present case was as follows:

"The State of Texas, City and County of Galveston.

"I, ......, assessor and collector of the city of Galveston, state and county aforesaid, do solemnly swear that the roll or Book A of rendered property for the year 1917, to which this is attached, contains a full and correct list of the real and personal property subject to taxation in the city of Galveston, as far as I have been able to ascertain the same; that I have sworn every person listing property to me in the city, or caused the same to be done, in manner and form as provided by law, and that the assessed values set down in the proper column opposite the several kinds and descriptions of property is the true and correct valuation thereof as ascertained by law and the footings of the several columns in Roll or Book A and the tabular statement thereto attached are correct, as I verily believe.

"And I further swear that all the legal notices required by law with reference to said tax assessment have been complied with and said notices were duly published, as required by law.

"F. A. Park, Assessor and Collector."

It is apparent that the tax rolls were not verified by the affidavit of the assessor as required by law. The jurat is lacking; there is no signature of any officer authorized to administer the oath to the assessor, and there is no seal. The failure of the assessor to verify the tax rolls is not a mere irregularity, as contended by appellee, but the substance required by law is absent. While the law does not require that the affidavit to the tax rolls shall be exactly like the one set out in article 7580, it does require a substantial compliance therewith. The tax assessment sued upon in this case contains no affidavit whatever, and therefore no legal tax rolls were returned to the board of equalization as required by law.

It is well settled by the decisions of this state and by the decisions of other states that such assessments as the one forming the basis for the present suit are not a sufficient basis for a recovery. Clayton v. Rehm, 67 Tex. 52, 2 S. W. 45; Taber v. State, 38 Tex. Civ. App. 235, 85 S. W. 835; People v. Inman, 197 N. Y. 200, 90 N. E. 438; Morrill v. Taylor, 6 Neb. 236; 37 Cyc. pp. 1061 and 1068.

In Clayton v. Rehm, supra, Judge Gaines, speaking for our Supreme Court, said:

"Article 4721 [now article 7580] of the Revised Statutes requires each copy of the rolls to be verified by the assessor's affidavit before they are returned to the board of equalization for correction. There is no legal roll without the affidavit and approval."

In Taber v. State, supra, it is said:

"The supplemental roll offered by appellee for the year 1901 was properly excluded, because it lacked the affidavit of the assessor required by article 5130 [now article 7580], Rev. St. 1905. Clayton v. Rehm, 67 Tex. 52, 2 S. W. 45."

In view of the fact that we feel constrained to reverse the judgment rendered upon the grounds already stated and to render judgment for appellant, and in view of the further fact that the evidence with reference to the action of the board of equalization does not clearly show whether the board was in fact sitting as a board of equalization, or as the board of commissioners, when they approved the assessment in question on the 20th day of August, 1917, we refrain from passing upon the second contention of appellant.

Having reached the conclusions above expressed, the judgment of the trial court is reversed, and judgment is here rendered for appellant.

Reversed and rendered.